3047.2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTISAN AND TRUCKERS CASUALTY CO.,      )<br>)<br>Plaintiff,      )<br>)<br>vs.      )<br>)<br>THE BURLINGTON INSURANCE COMPANY,      )<br>SOUTHERN TRUSS, INC., DOUGLAS FORREST,      )<br>GAYLON CRUSE, individually and doing business as      )<br>CRUSE CONSTRUCTION COMPANY, and      )<br>MARK DUCKWORTH,      )<br>)<br>Defendants.      ) | No.  3:21-cv-497 |

## COMPLAINT FOR DECLARATORY JUDGMENT.

Plaintiff, Artisan and Truckers Casualty Co., by one of its attorneys, Thomas L. Buck, Magnani & Buck Ltd., sets forth below its complaint for declaratory judgment pursuant to 28 U.S.C. §2201 and §2202.

1.     Artisan and Truckers Casualty Co. ("Artisan") files this action to seek a declaration that it owes no duty to defend or indemnify Southern Truss, Inc. ("Southern Truss"), Douglas Forrest, Cruse Construction Company, or other person or entity pursuant to a contract of insurance for bodily injury claims brought by Gaylon Cruse and Mark Duckworth for an accident at a construction site.

2.     Artisan also files this action to seek a declaration that The Burlington Insurance Company ("Burlington") owes a duty to defend or indemnify Southern Truss and Douglas Forrest pursuant to a contract of insurance for the claims brought by Gaylon Cruse and Mark Duckworth.

3.      Plaintiff Artisan is a corporation organized under the laws of the State of Wisconsin, with its principal place of business in the State of Ohio, and does business in Illinois and this District.

4.      Defendant Burlington is a corporation organized under the laws of the State of North Carolina, with its principal place of business in the State of North Carolina, and does business in Illinois and this District.

5.      Defendant Southern Truss is a corporation organized under the laws of the State of Illinois, with its principal place of business in Saline County, Illinois, and this District.

6.      Defendant Douglas Forrest is a citizen and resident of Saline County, Illinois, and this District.

7.      Defendant Gaylon Cruse, individually and doing business as Cruse Construction Company ("Cruse Construction"), is a citizen and resident of Union County, Illinois, and this District.

8.      Defendant Mark Duckworth is a citizen and resident of Union County, Illinois, and this District.

9.      Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332, since there is complete diversity of citizenship between the plaintiff and the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.      Venue is appropriate pursuant to 28 U.S.C. §1391, since the insurance contract at issue was issued in this District, the underlying accident at issue took place in this District, and the defendants are residents of this District for venue purposes and are subject to personal jurisdiction in this District.

2

11.    The claims brought by Gaylon Cruse and Mark Duckworth arise out of a construction site accident on May 5, 2020, at Rusty's Home Center in Goreville, Johnson County, Illinois.

12.    Cruse Construction was installing roof trusses at the work site.

13.    Gaylon Cruse and Mark Duckworth were working for and were employees of Cruse Construction, and were assisting in the installation of the roof trusses.

14.    Douglas Forrest was operating a power crane attached to a 2007 International 760 owned by Southern Truss.

15.    The power crane attached to the 2007 International 760 was used to lift the roof trusses into position for installation.

16.    Gaylon Cruse and Mark Duckworth were standing on ladders at the top of the walls of the structure during the installation process to secure the roof trusses in place.

17.    During the installation process, the roof trusses gave way, and Gaylon Cruse and Mark Duckworth fell from their work positions.

18.    Gaylon Cruse and Mark Duckworth seek damages for bodily injury from Southern Truss, Douglas Forrest and/or Cruse Construction.

19.    Mark Duckworth has filed an application for adjustment of a claim pursuant to the Illinois Workers' Compensation Act directed against Cruse Construction as employer/respondent under case number 21 WC 008695.  (A copy of the Illinois Workers' Compensation Commission case docket is attached as exhibit 1A.)

20.    Before May 5, 2020, Artisan issued a commercial auto policy to Southern Truss in Saline County, Illinois, under policy number 02383356-6, effective on the date of accident, and

3

providing auto liability coverage subject to the policy's terms, conditions and limitations. (A true and correct copy of the Artisan policy is attached as exhibit 1C.)

21.    Before May 5, 2020, Burlington issued a commercial general liability policy to Southern Truss in Saline County, Illinois, under policy number 582BW52238, effective on the date of accident, and providing general liability coverage subject to the policy's terms, conditions and limitations. (A copy of Burlington coverage correspondence for the policy is attached as exhibit 1B.)

22.    Burlington has denied coverage for the claims brought by Gaylon Cruse and Mark Duckworth. (Exhibit 1B.)


## COUNT I

23.    Artisan incorporates paragraphs 1 through 22 of this complaint by reference as if fully stated herein.

24.    At the time of the accident, the power crane mounted on the 2007 International 760 was being used to install the roof trusses at the work site.

25.    The Artisan policy states that it will pay damages for bodily injury for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance or use of an insured auto. (Exhibit 1C, page 13.)

26.    There is no coverage for the use of the 2007 International 760 pursuant to Artisan's auto policy, because the 2007 International 760 was not being used as an auto at the time of the accident; it was being used as a crane.

27.    The Artisan policy provides further:

Coverage under this Part I, including **our** duty to defend, does not apply to:

4

13. **Operations**
**Bodily injury, property damage,** or **covered pollution cost or expense** arising out of the operation of:
a.    any equipment listed in Paragraphs b. and c. of the definition of **auto**; or
b.    machinery or equipment that is on, attached to, or part of, a land vehicle that would qualify under the definition of **mobile equipment** if it were not subject to a compulsory or financial responsibility law where it is licensed or principally garaged. (Exhibit 1C, page 18.)

28.    The Artisan policy states also:

2.    "**Auto**" means a land motor vehicle or **trailer** designed for travel on public roads, or any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged. It does not include **mobile equipment**. Self-propelled vehicles with the following types of permanently attached equipment are **autos**, not **mobile equipment**:

a. equipment designed and used primarily for:
(i)  snow removal;
(ii) road maintenance, but not construction or resurfacing;
(iii)street cleaning;
b. cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and
c. air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well-servicing equipment. (Exhibit 1C, page 9.)

8.    "**Mobile equipment**" means any of the following types of land vehicles including but not limited to, any attached machinery or equipment:
a.    Bulldozers, farm implements and machinery, forklifts and other vehicles designed for use principally off public roads;
b.    Vehicles **you** use solely on premises **you** own or rent and on accesses to public roads from these premises, unless specifically described on the **declarations page** and not defined as **mobile equipment** under other parts of this definition;
c.    Any vehicle that travels on crawler treads, or that does not require licensing in the state in which **you** live or **your** business is licensed;
d.    Vehicles, whether self-propelled or not, used primarily to provide mobility to permanently attached:
(i)     Power cranes, shovels, loaders, diggers or drills; or
(ii)    Road construction or resurfacing equipment such as graders, scrapers or rollers.

5

e.   Vehicles not described in Paragraph a., b., c., or d. above that are not self-propelled and are used primarily to provide mobility to permanently attached equipment of the following types:

    (i)   Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well-servicing equipment; or

    (ii)  Cherry pickers and similar devices used to raise or lower workers.

f.   Vehicles not described in Paragraph a., b., c., or d. above that are self-propelled and used primarily for purposes other than transportation of persons or cargo. However, **mobile equipment** does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle law are considered **autos**. (Exhibit 1C, pages 11-12.)

29.   The 2007 International 760 was used primarily to provide mobility to the permanently attached power crane, and, therefore, would qualify under the policy's definition of mobile equipment if it were not subject to a compulsory or financial responsibility law or other motor vehicle law where it was licensed or principally garaged.

30.   Since the claimed bodily injury arose out of the operation of the power crane that was attached to the 2007 International 760, there is no liability coverage for the use of the 2007 International 760 and attached power crane at the time of the accident pursuant to the Operations exclusion of the Artisan policy.

31.   The use of the power crane to install the roof trusses at the construction site is covered by the Burlington commercial general liability policy, because, at the time of the accident, the 2007 International 760 was being used as a power crane at the time of the accident, and not as an auto to transport the crane.

32.   The use of the 2007 International 760 and attached power crane is not excluded by the Burlington policy as the use of an "auto" because the claimed bodily injury arose out of the

operation of machinery or equipment that was attached to, or part of, a land vehicle that would qualify under the Burlington policy's definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it was licensed or principally garaged. (Exhibit 1B, page 2, paragraph C(2)(e)(i).)

33.     Defendants are named as parties to this action, because they each have a financial interest in the outcome of Artisan's request for declaratory judgment.

34.     A case of actual controversy exists between the parties, and the Court is requested to declare and judge the rights and liabilities to the parties hereto under the terms and provisions of the Artisan policy and the Burlington policy, and to adjudicate the final rights of all parties and to give other and further relief as may be necessary to enforce the same.

Wherefore, plaintiff, Artisan and Truckers Casualty Co., asks this Court to declare:

(a)     there is no liability coverage for Southern Truss, Inc., Douglas Forrest, Cruse Construction Company, or other person or entity for the use of the 2007 International 760 and attached power crane at the time of the May 5, 2020 accident pursuant to the terms, conditions and limitations of Artisan policy number 02383356-6;

(b)     there is no liability coverage for Southern Truss, Inc., Douglas Forrest, Cruse Construction Company, or other person under the policy issued by Artisan and Truckers Casualty Co., under policy number 02383356-6 for the claims brought by Gaylon Cruse and Mark Duckworth;

(c)     there is liability coverage for Southern Truss, Inc., Douglas Forrest and/or Cruse Construction Company for the use of the 2007 International 760 and attached power crane at the time of the May 5, 2020 accident pursuant to Burlington policy number 582BW52238;

(d)    there is liability coverage for Southern Truss, Inc., Douglas Forrest and/or Cruse

Construction Company under the policy issued by The Burlington Insurance Company under

policy number 582BW52238 for the claims brought by Gaylon Cruse and Mark Duckworth.


## COUNT II

35.    Artisan realleges paragraphs 1 through 22 of this complaint by reference as if fully

stated herein.

36.    Mark Duckworth has filed an application for adjustment of claim with the Illinois

Workers' Compensation Commission for the May 5, 2020 accident.  (Exhibit 1A.)

37.    The Artisan policy states:

Coverage under this Part I, including **our** duty to defend, does not apply to:

3.    **Worker's Compensation**
Any obligation for which an **insured** or an insurer of that **insured**, even if
one does not exist, may be held liable under workers' compensation,
unemployment compensation, disability benefits law, or any similar law.
(Exhibit 1C, page 16.)

38.    The Artisan policy states further:

Coverage under this Part I, including **our** duty to defend, does not apply to:

5.    **Employee Indemnification and Employer's Liability**
**Bodily injury** to:
a.    An employee of any **insured** arising out of or within the course of:
(i)    That employee's employment by any **insured**; or
(ii)    Performing duties related to the conduct of any **insured's**
business; or
b.    The spouse, child, parent, brother or sister of that employee as a
consequence of Paragraph a. above.

This exclusion applies:
a.    Whether the **insured** may be liable as an employer or in any other
capacity and
b.    To any obligation to share damages with or repay someone else who
must pay damages because of the injury. (Exhibit 1C, pages 16-17.)

8

6.   **Fellow Employee**
     **Bodily injury** to:
     a. a fellow employee of an insured injured while within the course of
        their employment or while performing duties related to the conduct of
        your business.
     b. the spouse, child, parent, brother, or sister of that fellow employee as
        a consequence of Paragraph a. above.  (Exhibit 1C, page 17.)

39.    The worker's compensation exclusion of the Artisan policy applies to preclude coverage for the action filed by Mark Duckworth before the Illinois Workers' Compensation Commission under case number 21 WC 008695.

40.    The employer's liability exclusion of the Artisan policy applies to preclude coverage for Southern Truss, Inc., Douglas Forrest and/or Cruse Construction for the claims of Gaylon Cruse and Mark Duckworth insofar as Gaylon Cruse and Mark Duckworth were working, were in the course and scope of their employment, and were performing duties related to the conduct of Southern Truss and Cruse Construction's business at the time of the accident.

41.    The fellow employee exclusion of the Artisan policy applies to preclude coverage for claims of Gaylon Cruse and Mark Duckworth against each other or against one or more of their other fellow workers insofar as they were within the course and scope of their employment and were performing duties related to the conduct of Southern Truss and Cruse Construction's business at the time of the accident.

42.    Defendants are named as parties to this action, because they each have a financial interest in the outcome of Artisan's request for declaratory judgment.

43.    A case of actual controversy exists between the parties, and the Court is requested to declare and judge the rights and liabilities to the parties hereto under the terms and provisions

of the Artisan policy, and to adjudicate the final rights of all parties and to give other and further relief as may be necessary to enforce the same.

Wherefore, plaintiff, Artisan and Truckers Casualty Co., asks this Court to declare:

(a)    there is no liability coverage under the policy issued by Artisan and Truckers Casualty Co., under policy number 02383356-6, for the worker's compensation action filed by Mark Duckworth before the Illinois Workers' Compensation Commission under case number 21 WC 008695;

(b)    Artisan and Truckers Casualty Co., is not obligated to defend or indemnify Southern Truss, Inc., Douglas Forrest and/or Cruse Construction for the claims of Gaylon Cruse and Mark Duckworth insofar as Gaylon Cruse and Mark Duckworth were working, were in the course and scope of their employment, and were performing duties related to the conduct of Southern Truss and Cruse Construction's business at the time of the accident.

Respectfully submitted,

Artisan and Truckers Casualty Co.

/s/Thomas L. Buck
One of its Attorneys
Magnani & Buck Ltd.
321 South Plymouth Court
Suite 1700
Chicago, IL 60604
312-294-4800
Fax: 312-294-4815
Attorney No. 06185155
Email: tlb@magnanibuck.com

10