**The Burlington Insurance Company**

6320 Quadrangle Drive, Suite 300, Chapel Hill, NC 27517
Amy S. Nechamkin, AIC, AIS, SCLA, ASLI, Senior Technical Specialist
ASNechamkin@ifgcompanies.com

Toll Free: (877) 434-2667
Phone: (480) 500-3680
Fax:

January 18, 2021

    Sent by email only to:  dmurphy@southerntrusscompany.com

Mr. Dennis Murphy
Southern Truss Co., Inc.
5510 Highway 13 W
Harrisburg, IL 62946

Re:    Claim Number:    225744-1
        Policyholder:     Southern Truss Co., Inc.
        Policy number:    582BW52238
        Policy Period:     6/14/19 – 6/14/20
        Date of Loss:      5/5/2020
        Claimant:         Gaylon Cruse, Mark Duckworth

Dear Mr. Murphy,

The Burlington Insurance Company has been notified of a claim for damages filed against Southern Truss Co, Inc. arising out of an incident that occurred on May 5 2020 at the site of Rusty's Home Center in Goreville, IL.  Messers Cruse and Duckworth were injured when unsecured roof trusses, being placed in position by Southern Truss Co, Inc. and secured by Cruse Construction, toppled, causing the two men to fall to the ground below, sustaining injuries.  For the reasons outlined in this letter, The Burlington Insurance Company will not be providing defense or indemnity to Southern Truss Co., Inc. for this matter.

Upon notification of this loss, we initiated an investigation into the facts of this loss and enlisted the services of AmerClaim to conduct that investigation.  The investigation revealed that the trusses were delivered to the site and placed on the roof of the building using a boom truck provided by Southern Truss Co, Inc. This vehicle, a 2007 International boom truck with license plate number P9218748, was provided, with operator Douglas Forrest, to lift the trusses and place them on the roof in position to be secured by Cruse Construction workers. Gaylon Cruse and Mark Duckworth were standing on ladders at the top of the walls waiting for the trusses to be placed so they could secure them in place.  As the last truss was set at the end of the building, the center trusses gave way, falling towards the outside of the building, causing the adjacent trusses to collapse as well.  Mr. Cruse, and Mr. Duckworth were knocked off their positions and fell to the gravel below, sustaining injuries.

We have reviewed your Commercial General Liability policy of insurance with The Burlington Insurance Company, number 582BW52238 with effective dates of June 14, 2019 – June 14, 2020 with regard to the allegations made in this lawsuit. Your policy protects you for claims for which you would be held legally liable, subject to the terms, conditions, endorsements, and exclusions of the policy.

Please refer to form IFG-G-0201 03 17, Exclusion – Aircraft, Auto or Watercraft, Including Unmanned Aircraft or Unmanned Aerial Vehicle, endorsed onto and made part of your policy. It states in pertinent part as follows:

## EXCLUSION – AIRCRAFT, AUTO OR WATERCRAFT, INCLUDING UNMANNED AIRCRAFT OR UNMANNED AERIAL VEHICLE

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Paragraph C. of this endorsement replaces Exclusion g. Aircraft, Auto or Watercraft of 2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability under the Commercial General Liability Coverage Form.

B. When the Miscellaneous Professional Liability Coverage endorsement is attached, Paragraph C. of this endorsement is added to Paragraph 2. Exclusions under the Miscellaneous Professional Liability Coverage endorsement.

C. This insurance does not apply to:

   …

   (2) Manned Aircraft Or Manned Aerial Vehicle, Auto Or Watercraft

   "Bodily injury", "property damage" or "damages" arising out of the ownership, maintenance, use or entrustment to others of any aircraft that is a "manned aircraft or manned aerial vehicle", "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

   This Paragraph g.(2) applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury", "property damage" or "damages" involved the ownership, maintenance, use or entrustment to others of any aircraft that is a "manned aircraft or manned aerial vehicle", "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

   This Paragraph g.(2) does not apply to:

   (a) A watercraft while ashore on premises you own or rent;

   (b) A watercraft you do not own that is:

   (i) Less than 26 feet long; and

   (ii) Not being used to carry persons or property for a charge;

   (c) Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

   (d) Liability assumed under any "insured contract" for the ownership, maintenance or use of "manned aircraft or manned aerial vehicle" or watercraft; or

   (e) "Bodily injury" or "property damage" arising out of:

   (i) The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged; or

   (ii) The operation of any of the machinery or equipment listed in Paragraph f.(2) or f.(3) of the definition of "mobile equipment".

   …

The terms "auto", "bodily injury", and "mobile equipment" are defined in the Commercial General Liability Coverage Form, CG 0001 04/13 as:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM
SECTION V – DEFINITIONS

2. "Auto" means:
   a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or
   b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.
   However, "auto" does not include "mobile equipment".

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

12. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:
    a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;
    b. Vehicles maintained for use solely on or next to premises you own or rent;
    c. Vehicles that travel on crawler treads;
    d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:
       (1) Power cranes, shovels, loaders, diggers or drills; or
       (2) Road construction or resurfacing equipment such as graders, scrapers or rollers;
    e. Vehicles not described in Paragraph a., b., c. or d. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:
       (1) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or
       (2) Cherry pickers and similar devices used to raise or lower workers;
    f. Vehicles not described in Paragraph a., b., c. or d. above maintained primarily for purposes other than the transportation of persons or cargo.

    However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":
    (1) Equipment designed primarily for:
        (a) Snow removal;
        (b) Road maintenance, but not construction or resurfacing; or
        (c) Street cleaning;
    (2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

> (3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.
>
> However, "mobile equipment" does not include any land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

The applicable part of this endorsement to your policy specifically excludes coverage for "bodily injury" arising out of the ownership, maintenance, use or entrustment to others of any …" auto" owned or operated by, …any insured. This exclusion applies even if the claims allege negligence or other wrongdoing in the employment, training, or monitoring of others by the insured if the incident causing the injury involved the ownership, maintenance, use … of any auto, owned, operated by… any insured.

An exception to the exclusion for claims arising out of the use of an "auto" is for "mobile equipment". A review of the definition in the policy for "mobile equipment" reflects that vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted power cranes would appear to describe mobile equipment; however, the last part of that definition specifies that it does not include any land vehicles, that are licensed and subject to compulsory financial responsibility laws or other motor vehicle insurance law. This truck on which the crane, or boom, is mounted, is licensed for use on the public roadways and subject to the Illinois mandatory insurance law. Therefore, this vehicle is not considered "mobile equipment" under this policy, but rather an "auto"; and per the above cited endorsement, coverage is specifically excluded under this policy for claims arising out of the use of any "auto".

As the injuries arise out of an incident for which coverage is specifically excluded, The Burlington Insurance Company must, at this time, respectfully disclaim coverage for this loss. We will not be participating in the defense or indemnity of this matter. If you have any another insurance policy that would possibly cover an auto for your business use, we would urge you to place them on notice so that they may review this claim for coverage.

Be advised that the foregoing is not intended to be an exhaustive discussion of all policy language that might potentially apply to limit or eliminate coverage under the policy. The information contained in this correspondence is based on information and investigation we have gathered to date. The Burlington Insurance Company does not waive, but expressly reserves its right to assert, exercise and rely on any of the terms, exclusions or conditions of the policy that now apply or that may become applicable in the future, as well as any defenses to coverage it may have at law or in equity.

We reserve the right to review any additional claims, amendments to this claim, or lawsuits filed in connection with this matter, to make a separate determination as to whether a defense or indemnity might be provided by The Burlington Insurance Company. It is possible that we might provide a defense and/or indemnity on a new claim, an amended claim, or lawsuit filed in connection with this claim. Our decision on coverage is based solely on the facts as presented to us to date, and should not be construed as applicable to a new claim, an amendment to this claim, or lawsuit filed in connection with this matter. Additionally, we would request that you provide us with any lawsuit or complaint that may later be filed in this matter, so that we may continue to review this matter for coverage. Our right to have notice of either situation is reserved, as are the notice conditions of the policy. Should you have any information that may either clarify or potentially modify our position; we ask that you provide

such information for our consideration so we may have an opportunity to reconsider our position in light of new information.

We regret that we could not be of service in this particular instance, but hope you understand that we must be guided by the language contained in the policy to determine whether or not coverage exists for a particular loss, claim or suit. If you feel that we are incorrect in our assessment of the coverage issues or if you have questions, comments or objections regarding the contents of this letter or desire to discuss further the content of this letter or the claim in general, please feel free to call or write the undersigned, referring to the above captioned claim number.

Sincerely,

*Amy Nechamkin*

Amy S. Nechamkin, AIC, AIS, SCLA, ASLI
Senior Technical Specialist
Claims Department


Cc:     AmeriClaim  -  Tim Doyle  -  tim.doyle@americlaim.com

        RPS Claims -  RPS_Claims@rpsins.com