TEDRICK INS AGCY INC
PO BOX 848
MOUNT VERNON, IL 62864

**PROGRESSIVE**®
COMMERCIAL

Named insured

SOUTHERN TRUSS CO., INC.
5510 HIGHWAY 13 W.
HARRISBURG, IL 62946

**Policy number:  02383356-6**
Underwritten by:
Artisan and Truckers Casualty Co
March 28, 2020
Policy Period: Sep 4, 2019 - Sep 4, 2020
Page 1 of  4

**progressiveagent.com**
**Online Service**
Make payments, check billing activity, print
policy documents, or check the status of a
claim.

**1-618-244-5800**
**TEDRICK INS AGCY INC**
Contact your agent for personalized service.

**1-800-444-4487**
For customer service if your agent is
unavailable or to report a claim.

# Commercial Auto
# Insurance Coverage Summary
## This is your Declarations Page
## Your coverage has changed

Your coverage began on September 4, 2019 at 12:01 a.m.  This policy expires on September 4, 2020 at 12:01 a.m.

This coverage summary replaces your prior one. Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits shown for an auto may not be combined with the limits for the same coverage on another auto, unless the policy contract allows the stacking of limits. The policy contract is form 6912 (06/10). The contract is modified by forms 2852IL  (05/15), 4757IL  (09/04), 4852IL  (12/11), 4881IL  (12/11) and Z228 (01/11).

The named insured organization type is a corporation.

Artisan and Truckers Casualty Co is a stock company (NYSE:PGR).
PO Box 94739 Cleveland, OH  44101.

## Policy changes effective  March 27, 2020

| | |
|---|---|
| Premium change: | -$70.00 |
| Changes: | The driver information has changed. |

The changes shown above will not be effective prior to the time the changes were requested.

## Outline of coverage

| Description | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $17,558 |
|   Bodily Injury and Property Damage Liability | $1,000,000 combined single limit | | |
| Uninsured Motorist | $1,000,000 combined single limit | | 288 |
| Underinsured Motorist | $1,000,000 combined single limit | | 270 |
| Uninsured Motorist Property Damage | Rejected | | -- |
| Medical Payments | $2,000 each person | | 45 |
| Comprehensive | | | 1,907 |
|   See Auto Coverage Schedule | Limit of liability less deductible | | |
| Collision | | | 5,441 |
|   See Auto Coverage Schedule | Limit of liability less deductible | | |
| **Total 12 month policy premium** | | | **$25,509** |

Form 6489 IL (12/11)


Continued

Policy number:  02383356-6
SOUTHERN TRUSS CO., INC.
Page 2  of  4

**Rated drivers**

1. DENNIS MURPHY
2. THOMAS BARKER
3. KEVIN JONES
4. DOUGLAS FORREST
5. SAMUEL RAKESTRAW
6. ANTHONY COX

**Auto coverage schedule**

1. **2005 Intl 860**

   VIN:  1HSHXAHR75J054167

   Stated Amount:   *$20,000 (including Permanently Attached Equip)
   Garaging Zip Code: 62946          Radius: 100

| | Liability | UM BI | UIM BI | Med Pay |
|---|---|---|---|---|
| **Liability Premium** | $2,697 | $48 | $45 | $9 |

| | Comp Deductible | Comp Premium | Collision Deductible | Collision Premium | Auto Total |
|---|---|---|---|---|---|
| **Physical Damage Premium** | $1,000 | $233 | $1,000 | $661 | **$3,693** |

2. **1989 Wabash Trailer**

   VIN:  1JJF48274KL129214          Garaging Zip Code: 62946          Radius: 100

| | Liability | Auto Total |
|---|---|---|
| **Liability Premium** | $94 | **$94** |

3. **1988 Wabash Trailer**

   VIN:  118549          Garaging Zip Code: 62946          Radius: 100

| | Liability | Auto Total |
|---|---|---|
| **Liability Premium** | $125 | **$125** |

4. **1986 TRU Trailer**

   VIN:  FMP10864000000047          Garaging Zip Code: 62946          Radius: 100

| | Liability | Auto Total |
|---|---|---|
| **Liability Premium** | $125 | **$125** |

5. **1997 ASI Roller Trailer**

   VIN:  5AMF87025V1100140          Garaging Zip Code: 62946          Radius: 100

| | Liability | Auto Total |
|---|---|---|
| **Liability Premium** | $94 | **$94** |

Form 6489 IL (12/11)



Continued

Policy number: 02383356-6
SOUTHERN TRUSS CO., INC.
Page 3 of 4

6.    **1996 Homemade Trailer**

VIN:  TD170877                     Garaging Zip Code: 62946                     Radius: 100

Liability
Premium

| Liability | Auto Total |
|-----------|------------|
| $94 | **$94** |

7.    **2005 Intl 860**                     Stated Amount:     *$25,000 (including Permanently Attached Equip)

VIN:  1HSHXAHR65J038512          Garaging Zip Code: 62946                     Radius: 100

Liability
Premium

| Liability | UM BI | UIM BI |
|-----------|-------|--------|
| $2,697 | $48 | $45 |

Physical Damage
Premium

| Comp Deductible | Comp Premium | Collision Deductible | Collision Premium | Auto Total |
|-----------------|--------------|----------------------|-------------------|------------|
| $1,000 | $255 | $1,000 | $730 | **$3,775** |

8.    **1999 J.d.h. Trailer**

VIN:  1L9RD4220XC094546          Garaging Zip Code: 62946                     Radius: 100

Liability
Premium

| Liability | Auto Total |
|-----------|------------|
| $94 | **$94** |

9.    **1994 Dorsey Trailer**

VIN:  1DTP16W22RP032743          Garaging Zip Code: 62946                     Radius: 100

Liability
Premium

| Liability | Auto Total |
|-----------|------------|
| $94 | **$94** |

10.   **1994 Dorsey Trailer**

VIN:  1DTP16W24RP032744          Garaging Zip Code: 62946                     Radius: 100

Liability
Premium

| Liability | Auto Total |
|-----------|------------|
| $94 | **$94** |

11.   **2009 KW T80**                     Stated Amount:     *$45,000 (including Permanently Attached Equip)

VIN:  1XKDDU9X59J242596          Garaging Zip Code: 62946                     Radius: 100

Liability
Premium

| Liability | UM BI | UIM BI | Med Pay |
|-----------|-------|--------|---------|
| $2,858 | $48 | $45 | $9 |

Physical Damage
Premium

| Comp Deductible | Comp Premium | Collision Deductible | Collision Premium | Auto Total |
|-----------------|--------------|----------------------|-------------------|------------|
| $1,000 | $361 | $1,000 | $983 | **$4,304** |

Form 6489 IL (12/11)



Continued

**Artisan Exhibit 1C - Page 3**

Policy number: 02383356-6
SOUTHERN TRUSS CO., INC.
Page 4  of 4

| 12. | **2009 KW T80** | | Stated Amount: | *$30,000 (including Permanently Attached Equip) | |
|---|---|---|---|---|---|
| | VIN:   1XKDDU9X79J242597 | | Garaging Zip Code: 62946 | | Radius: 100 |

| Liability Premium | Liability | UM BI | UIM BI | Med Pay | |
|---|---|---|---|---|---|
| | $2,858 | $48 | $45 | $9 | |

| Physical Damage Premium | Comp Deductible | Comp Premium | Collision Deductible | Collision Premium | Auto Total |
|---|---|---|---|---|---|
| | $1,000 | $281 | $1,000 | $854 | **$4,095** |

| 13. | **2007 Intl 760** | | Stated Amount: | *$70,000 (including Permanently Attached Equip) | |
|---|---|---|---|---|---|
| | VIN:   1HSWYAHT37J406213 | | Garaging Zip Code: 62946 | | Radius: 100 |

| Liability Premium | Liability | UM BI | UIM BI | Med Pay | |
|---|---|---|---|---|---|
| | $2,797 | $48 | $45 | $9 | |

| Physical Damage Premium | Comp Deductible | Comp Premium | Collision Deductible | Collision Premium | Auto Total |
|---|---|---|---|---|---|
| | $1,000 | $451 | $1,000 | $1,278 | **$4,628** |

| 14. | **2013 KW T80** | | Stated Amount: | *$39,000 (including Permanently Attached Equip) | |
|---|---|---|---|---|---|
| | VIN:   1XKDDP9X3DDJ34229 | | Garaging Zip Code: 62946 | | Radius: 100 |

| Liability Premium | Liability | UM BI | UIM BI | Med Pay | |
|---|---|---|---|---|---|
| | $2,837 | $48 | $45 | $9 | |

| Physical Damage Premium | Comp Deductible | Comp Premium | Collision Deductible | Collision Premium | Auto Total |
|---|---|---|---|---|---|
| | $1,000 | $326 | $1,000 | $935 | **$4,200** |

*A vehicle's stated amount should indicate its current retail value, including any special or permanently attached equipment.  In the event of a total loss, the maximum amount payable is the lesser of the Stated Amount or Actual Cash Value, less deductible.  Be sure to check stated amount at every renewal in order to receive the best value from your Progressive Commercial Auto policy.

## Premium discounts

| Policy | |
|---|---|
| 02383356-6 | Business Experience, Paid In Full and Package |

## Loss Payee information

| 1. | Loss Payee | Auto 7 | FIRST SOUTHERN BANK |
|---|---|---|---|
| | | | 1023 4THST. ELDORADO, IL 62930 |
| | | | 2005 Intl 860 (1HSHXAHR65J038512) |

Form 6489 IL (12/11)

**Artisan Exhibit 1C - Page 4**

1781 IL 0515



# ILLINOIS
## COMMERCIAL AUTO FORMS

**PLEASE READ YOUR POLICY AGREEMENT CAREFULLY.**
Provisions of this Agreement and its endorsements restrict coverage. Be certain you understand all of the coverage terms, the exclusions, and your rights and duties.

**All forms in the endorsement section do not automatically pertain to your policy.**
Please refer to your declarations page for form numbers associated with your policy. Only those endorsements whose form numbers appear on your declarations page apply to your policy. All other parts of the policy that have not been modified by an endorsement will remain unchanged.

This booklet contains Form 6912 (06/10) and a section of optional endorsements.



Form 6912 (06/10)

## COMMERCIAL AUTO POLICY

## INDEX OF POLICY PROVISIONS

**PAGE**

**DUTIES IN THE EVENT OF AN ACCIDENT OR LOSS** . . . . . . . . . . . . . . . . . .1

**GENERAL DEFINITIONS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

**PART I - LIABILITY TO OTHERS**
Insuring Agreement - Liability To Others . . . . . . . . . . . . . . . . . . . . . . . . . . .6
Additional Definitions Used in This Part Only . . . . . . . . . . . . . . . . . . . . . . . .6
Additional Payments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8
Out-Of-State Coverage Extension . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8
Exclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9
Limit of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

**PART II - DAMAGE TO YOUR AUTO**
Insuring Agreement - Collision Coverage . . . . . . . . . . . . . . . . . . . . . . . . . .14
Insuring Agreement - Comprehensive Coverage . . . . . . . . . . . . . . . . . . . . .14
Insuring Agreement - Fire and Theft with Combined
   Additional Coverage (CAC) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14
Additional Coverage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14
Additional Payments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15
Additional Definition Used in This Part Only . . . . . . . . . . . . . . . . . . . . . . . .16
Exclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16
Limit of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17
Deductible . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19
Salvage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20
No Benefit to Bailee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20
Appraisal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20
Payment of Loss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21
Loss Payee Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21

**GENERAL PROVISIONS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21

## <u>COMMERCIAL AUTO POLICY</u>

If **you** pay **your** premium when due, **we** will provide the insurance described in this policy.

## <u>DUTIES IN THE EVENT OF AN ACCIDENT OR LOSS</u>

For coverage to apply under this policy, **you** or the person seeking coverage must promptly report each **accident** or **loss** even if **you** or the person seeking coverage is not at fault. Refer to your policy documents for the claims phone number.

**You** or the person seeking coverage must also obtain and provide **us** the names and addresses of all persons involved in the **accident** or **loss**, the names and addresses of any witnesses, and the license plate numbers of the vehicles involved.

If **you** or the person seeking coverage cannot identify the owner or operator of a vehicle involved in the **accident**, or if theft or vandalism has occurred, **you** or the person seeking coverage must notify the police within 24 hours or as soon as practicable. However, for purposes of uninsured motorist coverage when the owner or operator of a vehicle involved in the accident cannot be identified, **you** or the person seeking coverage must notify the police no more than 30 days after the accident.

A person seeking coverage must:
1. cooperate with **us** in any matter concerning a claim or lawsuit;
2. provide any written proof of loss **we** may reasonably require;
3. allow **us** to take signed and recorded statements, including sworn statements and examinations under oath, which **we** may conduct outside the presence of **you**, a **relative**, or any person claiming coverage, and answer all reasonable questions **we** may ask as often as **we** may reasonably require;
4. promptly call **us** to notify **us** about any claim or lawsuit and send **us** any and all legal papers relating to any claim or lawsuit;
5. attend hearings and trials as **we** require;
6. submit to medical examinations at **our** expense by doctors **we** select as often as **we** may reasonably require;
7. authorize **us** to obtain medical and other records;
8. take reasonable steps after a **loss** to protect the **insured auto** from further **loss**. **We** will pay reasonable expenses incurred in providing that protection. If failure to provide such protection results in further loss, any additional damages will not be covered under this policy;
9. allow **us** to have the damage to an **insured auto** or other **auto** involved in an **accident** or **loss** inspected and appraised before its repair or disposal; and
10. authorize **us** access to **your** business or personal records as often as **we** may reasonably require.

1

## <u>GENERAL DEFINITIONS</u>

**The words and phrases below, whether in the singular, plural or possessive, have the following special meanings when appearing in boldface type in this policy, and in endorsements issued in connection with this policy, unless specifically modified.**

1. "**Accident**" means a sudden, unexpected and unintended event, or a continuous or repeated exposure to that event, that causes **bodily injury** or **property damage**.

2. "**Auto**" means a land motor vehicle or **trailer** designed for travel on public roads, or any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged. It does not include **mobile equipment**. Self-propelled vehicles with the following types of permanently attached equipment are **autos**, not **mobile equipment**:
   a. equipment designed and used primarily for:
      (i) snow removal;
      (ii) road maintenance, but not construction or resurfacing;
      (iii) street cleaning;
   b. cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and
   c. air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well-servicing equipment.

3. "**Bodily injury**" means bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease.

4. "**Declarations**" or "**declarations page**" means the document prepared by **us** listing **your** policy information, which may include the types of coverage **you** have elected, the limit for each coverage, the cost for each coverage, the specifically described autos covered by this policy, and the types of coverage for each specifically described auto.

5. "**Insured auto**" or "**your insured auto**" means:
   a. Any **auto** specifically described on the **declarations page**; or
   b. An additional **auto** for Part I - Liability To Others and/or Part II - Damage To Your Auto on the date **you** become the owner if:
      (i) **you** acquire the **auto** during the policy period shown on the **declarations page**;
      (ii) **we** insure all **autos** owned by **you** that are used in **your** business;
      (iii) no other insurance policy provides coverage for that **auto**; and
      (iv) **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage.
   If **you** add any coverage, increase **your** limits or make any other changes to this policy during the 30 day period after **you** acquire an additional **auto**,

these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits or make such changes for the additional **auto**. **We** may charge premium for the additional **auto** from the date **you** acquire the **auto**.

With respect to Part I - Liability To Others, if **we** provide coverage for an additionally acquired **auto** in accordance with this paragraph b., **we** will provide the same coverage for such additional **auto** as **we** provide for any **auto** shown on the **declarations page**.

With respect to Part II - Damage To Your Auto, if **we** provide coverage for an **auto you** acquire in addition to any **auto** specifically described on the **declarations page**, and the additional **auto** is:

(i)   a **private passenger auto**, **we** will provide the broadest coverage **we** provide for any **auto** shown on the **declarations page**; or

(ii)  any **auto** other than a **private passenger auto**, and **you** have purchased Physical Damage coverage for at least one **auto** other than a **private passenger auto**, **we** will provide the broadest coverage for which the newly acquired **auto** is eligible.

c.   Any replacement **auto** on the date **you** become the owner if:

(i)   **you** acquire the **auto** during the policy period shown on the **declarations page**;

(ii)  the **auto** that **you** acquire replaces one specifically described on the **declarations page** due to termination of **your** ownership of the replaced **auto** or due to mechanical breakdown of, deterioration of, or **loss** to the replaced **auto** that renders it permanently inoperable; and

(iii) no other insurance policy provides coverage for that **auto**.

If **we** provide coverage for a replacement **auto**, **we** will provide the same coverage for the replacement **auto** as **we** provide for the replaced **auto**. **We** will provide that coverage for a period of 30 days after **you** become the owner of such replacement **auto**. **We** will not provide any coverage after this 30 day period unless within this period **you** ask **us** to insure the replacement **auto**. If **you** add any coverage, increase **your** limits or make any other changes to **your** policy during this 30 day period, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits or make such changes.

6.   "**Insured contract**" means:

a.   A lease of premises;

b.   A sidetrack agreement;

c.   Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d.   An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

3

e.   That part of any other contract or agreement pertaining to **your** business (including an indemnification of a municipality in connection with work performed for a municipality) under which **you** assume the tort liability that is vicariously imposed on another for **your** negligence or that of **your** employees or agents; or

f.   That part of any contract or agreement, entered into as part of **your** business, for the rental of an **insured auto**. However, such contract or agreement shall not be considered an **insured contract** to the extent that it obligates **you** or any of **your** employees to pay for **property damage** to any **auto** rented or leased to **you** or any of **your** employees.

An "**insured contract**" does not include that part of any contract or agreement:

1.   That indemnifies a railroad for **bodily injury** or **property damage** arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing; or

2.   That pertains to the loan, lease or rental of an **auto** to **you** or any of **your** employees, if the **auto** is loaned, leased or rented with a driver; or

3.   That holds a person or organization engaged in the business of transporting property by **auto** for hire harmless for **your** use of an **insured auto** over a route or territory that person or organization is authorized to serve by public authority.

7.   "**Loss**" means sudden, direct and accidental loss or damage.

8.   "**Mobile equipment**" means any of the following types of land vehicles including, but not limited to, any attached machinery or equipment:

a.   Bulldozers, farm implements and machinery, forklifts and other vehicles designed for use principally off public roads;

b.   Vehicles **you** use solely on premises **you** own or rent and on accesses to public roads from these premises, unless specifically described on the **declarations page** and not defined as **mobile equipment** under other parts of this definition;

c.   Any vehicle that travels on crawler treads, or that does not require licensing in the state in which **you** live or **your** business is licensed;

d.   Vehicles, whether self-propelled or not, used primarily to provide mobility to permanently attached:

   (i)   Power cranes, shovels, loaders, diggers or drills; or

   (ii)  Road construction or resurfacing equipment such as graders, scrapers or rollers.

e.   Vehicles not described in Paragraphs a., b., c., or d. above that are not self-propelled and are used primarily to provide mobility to permanently attached equipment of the following types:

   (i)   Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well-servicing equipment; or

   (ii)  Cherry pickers and similar devices used to raise or lower workers.

    f.    Vehicles not described in Paragraphs a., b., c., or d. above that are self-propelled and used primarily for purposes other than transportation of persons or cargo.

However, **mobile equipment** does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle law are considered **autos**.

9.   "**Occupying**" means in, on, entering or exiting.

10.  "**Pollutants**" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

11.  "**Private passenger auto**" means a land motor vehicle:
    a.    of the private passenger, pickup body, or cargo van type;
    b.    designed for operation principally upon public roads;
    c.    with at least four wheels; and
    d.    with a gross vehicle weight rating of 12,000 pounds or less, according to the manufacturer's specifications.

However, **private passenger auto** does not include step-vans, parcel delivery vans, or cargo cutaway vans or other vans with cabs separate from the cargo area.

12.  "**Property damage**" means physical damage to, destruction of, or loss of use of, tangible property.

13.  "**Relative**" means any person living in the household in which the named insured resides who is related to the named insured by blood, marriage, or adoption, including a ward or foster child. This term only applies if the named insured is a natural person.

14.  "**Temporary substitute auto**" means any **auto you** do not own while used with the permission of its owner as a temporary substitute for an **insured auto** that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction.

15.  "**Trailer**" includes a semi-trailer and any piece of equipment used to convert a semi-trailer to a full trailer while it is attached to the semi-trailer.

16.  "**We**," "**us**" and "**our**" mean the company providing this insurance as shown on the **declarations page**.

17.  "**You**," "**your**" and "**yours**" refer to the named insured shown on the **declarations page**.

## PART I - LIABILITY TO OTHERS

### INSURING AGREEMENT - LIABILITY TO OTHERS

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

### ADDITIONAL DEFINITIONS USED IN THIS PART ONLY

A. When used in Part I - Liability To Others, **insured** means:
   1. **You** with respect to an **insured auto**.
   2. Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow except:
      (a) A person while he or she is working in a business of selling, leasing, repairing, parking, storing, servicing, delivering or testing **autos**, unless that business is **yours** and it was so represented in **your** application.
      (b) A person, other than one of **your** employees, partners (if **you** are a partnership), members (if **you** are a limited liability company), officers or directors (if **you** are a corporation), or a lessee or borrower or any of their employees, while he or she is moving property to or from an **insured auto**.
      (c) The owner or anyone else from whom the **insured auto** is leased, hired, or borrowed unless the **insured auto** is a **trailer** connected to a power unit that is an **insured auto**. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.
      For purposes of this subsection A.2., an **insured auto you** own includes any **auto** specifically described on the **declarations page**.
   3. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I - Liability To Others.

If **we** make a filing or submit a certificate of insurance on **your** behalf with a regulatory or governmental agency, the term "**insured**" as used in such filing or certificate, and in any related endorsement, refers only to the person or organization named on such filing, certificate or endorsement.

6

**Artisan Exhibit 1C - Page 13**

B. When used in Part I - Liability To Others, **insured auto** also includes:

   1. **Trailers** designed primarily for travel on public roads, while connected to **your insured auto** that is a power unit;

   2. **Mobile equipment** while being carried or towed by an **insured auto**; and

   3. Any **temporary substitute auto**.

C. When used in Part I - Liability To Others, "**covered pollution cost or expense**" means any cost or expense arising out of:

   1. Any request, demand, order, or statutory or regulatory requirement; or

   2. Any claim or suit by or on behalf of a governmental authority demanding that the **insured** or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to or assess the effects of, **pollutants**.

**Covered pollution cost or expense** does not include any cost or expense arising out of the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, or escape of **pollutants**:

   a. That are, or that are contained in any property that is:

     (i) Being transported or towed by, handled, or handled for movement into, onto, or from, the **insured auto**;

     (ii) Otherwise in the course of transit by or on behalf of the **insured**; or

     (iii) Being stored, disposed of, treated, or processed in or upon the **insured auto**;

   b. Before the **pollutants** or any property in which the **pollutants** are contained are moved from the place where they are accepted by the **insured** for movement into or onto the **insured auto**; or

   c. After the **pollutants** or any property in which the **pollutants** are contained are moved from the **insured auto** to the place where they are finally delivered, disposed of, or abandoned by the **insured**.

The above Paragraph a. of this definition does not apply to fuels, lubricants, fluids, exhaust gasses or other similar **pollutants** that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the **insured auto** or its parts, if:

   (1) The **pollutants** escape, seep, migrate, or are discharged, dispersed or released directly from an **insured auto** part designed by its manufacturer to hold, store, receive or dispose of such **pollutants** and is a part that would be required for the customary operation of the **insured auto**; and

   (2) The **bodily injury**, **property damage** or **covered pollution cost or expense** does not arise out of the operation of any equipment listed in Paragraphs b. and c. of the definition of **auto**.

The above Paragraphs b. and c. of this definition do not apply to **accidents** that occur away from premises owned by or rented to an **insured** with respect to **pollutants** not in or upon an **insured auto** if:

   (1) The **pollutants** or any property in which the **pollutants** are contained are

upset, overturned or damaged as a result of the maintenance or use of an **insured auto**; and

(2) The discharge, dispersal, release or escape of the **pollutants** is caused directly by such upset, overturn or damage.

## ADDITIONAL PAYMENTS

In addition to **our** Limit of Liability, **we** will pay for an **insured**:

1. all expenses that **we** incur in the settlement of any claim or defense of any lawsuit;

2. interest accruing after entry of judgment on that part of the judgment that does not exceed **our** Limit of Liability. This payment does not apply if **we** have not been given notice of suit or the opportunity to defend an **insured**. **Our** payment, offer in writing, or deposit in court of that part of the judgment which does not exceed **our** Limit of Liability ends **our** duty to pay interest which accrues after the date of **our** payment, written offer or deposit;

3. the premium on any appeal bond or attachment bond required in any lawsuit **we** defend. **We** have no duty to purchase a bond in a principal amount exceeding **our** Limit of Liability, and **we** have no duty to apply for or furnish these bonds;

4. up to $2,000 for cost of bail bonds required because of an **accident we** cover. **We** have no duty to apply for or furnish these bonds;

5. reasonable expenses incurred by an **insured** at **our** request, including loss of earnings up to $250 a day; and

6. all court costs taxed against the **insured** in any "suit" against the **insured** we defend. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the **insured**.

## OUT-OF-STATE COVERAGE EXTENSION

If an **accident** to which this Part I applies occurs in any state, territory, or possession of the United States of America, Puerto Rico, or any province or territory of Canada, other than the state in which an **insured auto** is principally garaged, and the state, province, territory or possession has:

1. a financial responsibility or similar law requiring limits of liability for **bodily injury** or **property damage** higher than the limits shown on the **declarations page**, this policy will provide the higher limit; or

2. a compulsory insurance or similar law requiring a non-resident to maintain insurance whenever the non-resident uses an **auto** in that state, province, territory or possession, this policy will provide the greater of:
   a. the required minimum amounts and types of coverage; or
   b. the Limits of Liability under this policy.

8

This extension does not apply to the limit or limits specified by any law governing commercial carriers of passengers or property.

**We** will not pay anyone more than once for the same elements of **loss** because of this extension.

<u>**EXCLUSIONS**</u> **- PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I - LIABILITY TO OTHERS.**

Coverage under this Part I, including **our** duty to defend, does not apply to:

1. **Expected or Intended Injury**
   **Bodily injury** or **property damage** either expected by or caused intentionally by or at the direction of any **insured**.

2. **Contractual**
   Any liability assumed by an **insured** under any contract or agreement, unless the agreement is an **insured contract** that was executed prior to the occurrence of any **bodily injury** or **property damage**.

   However, this exclusion does not apply to liability for damages that an **insured** would have in the absence of the contract or agreement.

3. **Worker's Compensation**
   Any obligation for which an **insured** or an insurer of that **insured**, even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law, or any similar law.

4. **Nuclear Energy Liability**
   An **accident** for which any person is insured under nuclear energy liability insurance. This exclusion applies even if the limits of that insurance are exhausted.

5. **Employee Indemnification and Employer's Liability**
   **Bodily injury** to:
   a. An employee of any **insured** arising out of or within the course of:
      (i)   That employee's employment by any **insured**; or
      (ii)  Performing duties related to the conduct of any **insured's** business; or
   b. The spouse, child, parent, brother or sister of that employee as a consequence of Paragraph a. above.

   This exclusion applies:
   a. Whether the **insured** may be liable as an employer or in any other capacity; and
   b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

9

But this exclusion does not apply to **bodily injury** to a domestic employee if benefits are neither paid nor required to be provided under any workers' compensation, disability benefits, or similar law, or to liability for **bodily injury** assumed by the **insured** under an **insured contract**. For the purposes of this policy, a domestic employee is a person engaged in household or domestic work performed principally in connection with a residence premises.

6. **Fellow Employee**
   **Bodily injury** to:
   a. a fellow employee of an **insured** injured while within the course of their employment or while performing duties related to the conduct of **your** business.
   b. the spouse, child, parent, brother, or sister of that fellow employee as a consequence of Paragraph a. above.

7. **Care, Custody or Control**
   **Property damage** to, or **covered pollution cost or expense** involving, any property owned by, rented to, being transported by, used by, or in the care, custody or control of the **insured**, including any motor vehicle operated or being towed. But this exclusion does not apply to liability assumed under a sidetrack agreement.

8. **Movement of Property by Mechanical Device**
   **Bodily injury** or **property damage** resulting from or caused by the movement of property by a mechanical device, other than a hand truck, not attached to an **insured auto**.

9. **Handling of Property**
   **Bodily injury** or **property damage** resulting from or caused by the handling of property:
   a. before it is moved from the place where it is accepted by the **insured** for movement into or onto **your insured auto**; or
   b. after it has been moved from **your insured auto** to the place where it is finally delivered by the **insured**.

10. **Pollution**
    **Bodily injury** or **property damage** resulting from or caused by the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, or escape of any **pollutants**:
    a. That are, or that are contained in any property that is:
       (i)   Being transported or towed by, handled, or handled for movement into, onto, or from, the **insured auto**;
       (ii)  Otherwise in the course of transit by or on behalf of the **insured**; or
       (iii) Being stored, disposed of, treated, or processed in or upon the **insured auto**;
    b. Before the **pollutants** or any property in which the **pollutants** are contained are moved from the place where they are accepted by the **insured** for movement into or onto the **insured auto**; or

10

c.   After the **pollutants** or any property in which the **pollutants** are contained
are moved from the **insured auto** to the place where they are finally deliv-
ered, disposed of, or abandoned by the **insured**.

The above Paragraph a. of this exclusion does not apply to fuels, lubricants, fluids,
exhaust gasses, or other similar **pollutants** that are needed for or result from the
normal electrical, hydraulic, or mechanical functioning of the **insured auto** or its
parts, if:

(1)  The **pollutants** escape, seep, migrate, or are discharged, dispersed, or re-
leased directly from an **insured auto** part designed by its manufacturer to
hold, store, receive, or dispose of such **pollutants** and is a part that would be
required for the customary operation of the **insured auto**; and

(2)  The **bodily injury**, **property damage**, or **covered pollution cost or expense**
does not arise out of the operation of any equipment listed in Paragraphs b.
and c. of the definition of **auto**.

The above Paragraphs b. and c. of this exclusion do not apply to **accidents** that
occur away from premises owned by or rented to an **insured** with respect to **pol-
lutants** not in or upon an **insured auto** if:

(1)  The **pollutants** or any property in which the **pollutants** are contained are
upset, overturned, or damaged as a result of the maintenance or use of an
**insured auto**; and

(2)  The discharge, dispersal, seepage, migration, release, or escape of the **pol-
lutants** is caused directly by such upset, overturn, or damage.

11.  **Racing**
**Bodily injury** or **property damage** arising out of **you** or an **insured** participating
in, or preparing for, a prearranged or organized racing, speed or demolition con-
test, stunting activity, or performance contest.

12.  **War**
**Bodily injury** or **property damage** arising directly or indirectly out of:
a.   War, including undeclared or civil war;
b.   Warlike action by a military force, including action in hindering or defending
against an actual or expected attack, by any government, sovereign or other
authority using military personnel or other agents; or
c.   Insurrection, rebellion, revolution, usurped power, or action taken by govern-
mental authority in hindering or defending against any of these.

13.  **Operations**
**Bodily injury**, **property damage**, or **covered pollution cost or expense** arising
out of the operation of:
a.   any equipment listed in Paragraphs b. and c. of the definition of **auto**; or
b.   machinery or equipment that is on, attached to, or part of, a land vehicle that
would qualify under the definition of **mobile equipment** if it were not subject
to a compulsory or financial responsibility law where it is licensed or princi-
pally garaged.

14. **Completed Operations**
    **Bodily injury** or **property damage** arising out of, or caused by, **your** work after that work has been completed or abandoned.

    For purposes of this exclusion, **your** work means:
    a. Work or operations performed by **you** or on **your** behalf;
    b. Materials, parts, or equipment furnished in connection with such work or operations; and
    c. The delivery of liquids.

    **Your** work includes warranties or representations made at any time with respect to the fitness, quality, durability, or performance of any of the items included in Paragraphs a., b., or c. above.

    **Your** work will be deemed completed at the earliest of the following times:
    a. When all of the work called for in **your** contract has been completed.
    b. When all of the work to be done at a particular site has been completed if **your** contract calls for work at more than one site.
    c. When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

    Work that may need service, maintenance, correction, repair, or replacement, but which is otherwise complete, will be treated as completed.

## LIMIT OF LIABILITY

**We** will pay no more than the Limit of Liability shown on the **declarations page** for this coverage for the **insured auto** involved in the **accident** regardless of:
1. the number of premiums paid;
2. the number of **insured autos** or trailers shown on the **declarations page**;
3. the number of policies issued by **us**;
4. the number of vehicles or **insureds** involved in an **accident**; or
5. the number of claims or lawsuits arising out of an **accident**,
subject to the following:

1. **Coverage Required by Filings**

    If **we** have filed a certificate of insurance on **your** behalf with any regulatory or governmental agency, and:
    (i)   **we** are required to pay any judgment entered against **you**; or
    (ii)  **we** agree to settle a claim or lawsuit;
    for **bodily injury**, **property damage**, or **covered pollution cost or expense** arising out of an **accident** or **loss** otherwise not covered under the terms of this policy solely because of such certificate of insurance, **we** will be obligated to pay no more than the minimum amount required by that agency or applicable law. If

any payment is based solely on such certificate, **you** must reimburse **us** in full for **our** payment, including legal fees and costs **we** incurred, whether the payment is made as a result of judgment or settlement.

2. **Combined Bodily Injury and Property Damage Limits**

   Subject to the terms of Section 1 above, if **your declarations page** indicates that combined **bodily injury** and **property damage** limits apply for "each accident" or "combined single limit" applies, the most **we** will pay for the aggregate of all damages and **covered pollution cost or expense** combined, resulting from any one **accident**, is the combined liability insurance limit shown on the **declarations page** for the **insured auto** involved in the **accident**.

3. **Separate Bodily Injury Liability and Property Damage Liability Limits**

   Subject to the terms of Section 1 above, if **your declarations page** indicates that separate **bodily injury** liability and **property damage** liability limits apply:

   a. The "each person" **bodily injury** liability limit listed on the **declarations page** for the **insured auto** involved in the **accident** is the maximum **we** will pay for **bodily injury** sustained by any one person in any one **accident**, and that "each person" maximum limit will apply to the aggregate of claims made for such **bodily injury** and any and all claims derived from such **bodily injury** including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

   b. Subject to the **bodily injury** liability limit for "each person," the "each accident" **bodily injury** liability limit listed on the **declarations page** for the **insured auto** involved in the **accident** is the maximum **we** will pay for **bodily injury** sustained by two or more persons in any one **accident**, including all derivative claims which include, but are not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

   c. The "each accident" **property damage** liability limit listed on the **declarations page** for the **insured auto** involved in the **accident** is the maximum **we** will pay for the aggregate of all **property damage** and **covered pollution cost or expense** combined, sustained in any one **accident**.

For the purpose of determining **our** Limit of Liability under Sections 1., 2., and 3. above, all **bodily injury**, **property damage**, and **covered pollution cost or expense**, resulting from continuous or repeated exposure to substantially the same event, shall be considered as resulting from one **accident**.

An **insured auto** and any **trailer** or **trailers** attached thereto shall be deemed to be one **auto** with respect to **our** Limit of Liability.

Any amount payable under Part I - Liability To Others to or for an injured person will be reduced by any payment made to that person under any Uninsured Motorist Coverage,

Underinsured Motorist Coverage, Personal Injury Protection Coverage, or Medical Payments Coverage provided by this policy.

## PART II - DAMAGE TO YOUR AUTO

### INSURING AGREEMENT - COLLISION COVERAGE

Subject to the Limits of Liability, if **you** pay the premium for Collision Coverage, **we** will pay for **loss** to **your insured auto** and its **permanently attached equipment** when it collides with another object or overturns.

### INSURING AGREEMENT - COMPREHENSIVE COVERAGE

Subject to the Limits of Liability, if **you** pay the premium for Comprehensive Coverage, **we** will pay for **loss** to **your insured auto** and its **permanently attached equipment** from any cause other than those covered under Collision Coverage.

Any **loss** caused by missiles, falling objects, fire, theft, collision with an animal, or accidental glass breakage shall be deemed a Comprehensive **loss**. However, **you** have the option of having glass breakage caused by a covered **auto's** collision or overturn considered a **loss** under Collision Coverage.

### INSURING AGREEMENT - FIRE AND THEFT WITH COMBINED ADDITIONAL COVERAGE (CAC)

Subject to the Limits of Liability, if **you** pay the premium for Fire and Theft with Combined Additional Coverage (CAC), **we** will pay for **loss** to **your insured auto** and its **permanently attached equipment** caused by:

1. fire, lightning or explosion;
2. theft;
3. windstorm or hail;
4. earthquake;
5. flood or rising water;
6. malicious mischief or vandalism;
7. the stranding, sinking, burning, collision, or derailment of any conveyance in or upon which **your insured auto** is being transported; or
8. collision with a bird or animal.

No **losses** other than those specifically described above will be covered under Part II of this policy.

### ADDITIONAL COVERAGE

**1. Transportation Expenses**

  **We** will pay up to $30 per day, up to a maximum of $900, for temporary transporta-

tion expenses incurred by **you** because of the theft of an **insured auto** that is a **private passenger auto**. This coverage applies only to those **insured autos** for which **you** carry Comprehensive Coverage. **We** will pay for temporary transportation expenses incurred during the period beginning 48 hours after **you** report the theft to **us**, and ending when the **insured auto** is returned to use, or **we** pay for its **loss**.

**2. Coverage for Temporary Substitute Autos**

If a **temporary substitute auto** is involved in a **loss**, **we** will provide the same coverage and deductible that would have applied to the **insured auto** for which it is a substitute. The most **we** will pay for **loss** to a **temporary substitute auto** is the lesser of the Actual Cash Value at the time of **loss** or the cost of repairing or replacing the damaged or stolen property with like kind and quality, less the applicable deductible.

**3. Pet Injury Coverage**

If **you** have purchased Collision Coverage for at least one **insured auto** listed on the **declarations page**, Pet Injury Coverage is included in **your** policy.

**Insuring Agreement**

If a **pet** sustains injury or death while inside an **insured auto** at the time of a **loss** covered under Collision, Comprehensive, or Fire & Theft with Combined Additional Coverage, **we** will pay:

1. for reasonable and customary veterinary fees incurred by **you** or the owner of the **pet** if the **pet** is injured in, or as a direct result of, the covered **loss**; or
2. a death benefit if the **pet** dies in, or as a direct result of, the covered **loss**.

In the event of a covered **loss** due to the theft of an **insured auto**, **we** will provide the death benefit provided the **pet** is not recovered.

**Limits of Liability**

The following additional Limits of Liability apply to Pet Injury Coverage:

1. The most **we** will pay for all damages in any one **loss** is a total of $1,000 regardless of the number of **pets** involved.
2. If the **pet** dies in, or as a direct result of, a covered **loss**, **we** will provide a death benefit of $1,000, less any payment **we** made toward veterinary expenses for the **pet**.
3. No deductible shall apply to this coverage.

**ADDITIONAL PAYMENTS**

If **you** have paid the premium for Comprehensive Coverage, Collision Coverage, or Fire and Theft with Combined Additional Coverage, then in addition to **our** Limit of

Liability, **we** will pay:

1. All reasonable expenses necessary to return a stolen **insured auto** to **you**, unless **we** determine the **auto** to be a **total loss**.
2. All reasonable expenses necessary to remove an **insured auto** from the site of an **accident** or **loss** and transport it to a repair facility.

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY**

When used in Part II - Damage To Your Auto:

1. "**Finance agreement**" means a written lease or loan contract, entered into, as a part of **your** business, pertaining to the lease or purchase by **you** of an **insured auto**, and subject to a valid promissory note or written payment obligation contained in a lease, and security agreement or other written agreement establishing a security interest, executed concurrently with the purchase or lease of the **insured auto**.

2. "**Permanently attached equipment**" or "**PAE**" means equipment and devices that are permanently installed or attached to **your insured auto**. **Permanently attached equipment** also includes:
   a. accessories designed to work as part of the equipment or devices;
   b. load securing equipment and devices; and
   c. custom paint or decals.

3. "**Pet**" means a dog or cat occupying an **insured auto** with **your** express or implied consent.

4. "**Total loss**" means any **loss** to the **insured auto** that is payable under this Part II if the cost to repair the damage (including parts and labor), when combined with the salvage value, exceeds the actual cash value of the **insured auto** at the time of the **loss**.

**EXCLUSIONS - PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART II - DAMAGE TO YOUR AUTO.**

1. **We** will not pay for loss caused by or resulting from any of the following. Such **loss** is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the **loss**.
   a. **War or Military Action**
      (1) war, including undeclared or civil war;
      (2) warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or agents;
      (3) insurrection, rebellion, revolution, usurped power or action taken by governmental authority hindering or defending against any of these.

   b. **Nuclear Hazard**
     (1) the explosion of any weapon employing atomic fission or fusion; or
     (2) nuclear reaction or radiation, or radioactive contamination, however caused.

2. **We** will not pay for **loss** to any sound equipment, video equipment or transmitting equipment not permanently installed in **your insured auto**, or to tapes, records, compact discs, DVDs or similar items used with sound or video equipment.

3. **We** will not pay for **loss** to radar detectors or to any other equipment or device designed or used to detect speed measuring equipment, or to any equipment designed or used to jam or disrupt any speed measuring equipment.

4. **We** will not pay for **loss** due and confined to:
   a. wear and tear, freezing, mechanical or electrical breakdown.
   b. blowouts, punctures or other road damage to tires.
   But, coverage does apply if the damage is the result of other **loss** covered by the policy.

5. **We** will not pay for **loss** incurred while **your insured auto** is used in any illicit trade or transportation, or due to **your insured auto's** destruction or confiscation by governmental or civil authorities because **you**, or, if **you** are a natural person, any **relative**, engaged in illegal activities.

6. **We** will not pay for **loss** caused by **you** or an insured participating in or preparing for a prearranged or organized racing, speed or demolition contest, stunting activity or performance contest.

7. **We** will not pay for **loss** to an **insured auto** for diminution of value.

8. If **we** pay **your** financial obligation under a **finance agreement**, **we** will not pay:
   a. Overdue **finance agreement** payments including any type of late fees or penalties;
   b. Financial penalties imposed under a **finance agreement** for excessive use, abnormal wear and tear, or high mileage;
   c. Security deposits not normally refunded by the lessor or lender;
   d. Cost of **finance agreement** related products such as, but not limited to, Credit Life Insurance, Health, Accident or Disability insurance purchased by **you**;
   e. Carry-over balances from previous **finance agreements** or other amounts not associated with the **insured auto**; or
   f. Unpaid principal included in the outstanding **finance agreement** balance that was not used by **you** to purchase the **insured auto**.

**LIMIT OF LIABILITY**

1. If the **declarations page** shows Actual Cash Value for the **insured auto**, then the

most **we** will pay for **loss** to **your insured auto** is the least of:

a.  the actual cash value of the stolen or damaged property at the time of **loss**;
b.  the amount necessary to replace the stolen or damaged property with other of like kind and quality; or
c.  the amount necessary to repair the damaged property to its pre-loss physical condition, however if **we** determine that the **insured auto** is a **total loss**, **we** may, at **our** option, pay the lesser of the actual cash value, or the cost to replace, rather than repair, the **insured auto**.

**Permanently attached equipment** is covered to the limit shown on the **declarations page**. This limit includes transfer of undamaged **PAE** to another **insured auto**, but will not increase the **PAE** limit shown on the **declarations page**.

2.  If the **declarations page** shows Stated Amount for the **insured auto**, then the most **we** will pay for **loss** to **your insured auto** is the least of:

a.  the actual cash value of the stolen or damaged property at the time of **loss**;
b.  the amount necessary to replace the stolen or damaged property with other of like kind and quality;
c.  the amount necessary to repair the damaged property to its pre-loss physical condition, however if **we** determine that the **insured auto** is a **total loss**, **we** may, at **our** option, pay the lesser of the actual cash value, Stated Amount, or the cost to replace, rather than repair the **insured auto**; or
d.  the applicable Stated Amount of the property as shown on the **declarations page**.

However, if there is a **finance agreement** in place for the **insured auto**, subject to the Stated Amount shown on the **declarations page**, the most **we** will pay for a **total loss** where a **finance agreement** exists and the Stated Amount is equal to or greater than the outstanding financial obligation, is the greater of:

a.  The outstanding financial obligation under a **finance agreement** for an **insured auto** at the time of the **loss**; or
b.  The actual cash value of the **insured auto** at the time of the loss.

In no event will **we** pay more than the Stated Amount shown on the **declarations page**.

**Permanently attached equipment** is included in the value of the **insured auto**, but only to the extent the value of the equipment has been included in the Stated Amount shown on the **declarations page**. The transfer of undamaged **PAE** to another **insured auto** will be covered if the aggregate of all damage and cost to move is within the Stated Amount shown on the **declarations page**.

3.  Payments for **loss** covered under Collision Coverage, Comprehensive Coverage, or Fire and Theft with Combined Additional Coverage are subject to the following provisions:

a.  in determining the amount necessary to repair damaged property to its pre-loss physical condition, the amount to be paid by **us**:
    (i)   shall not exceed the prevailing competitive labor rates charged in the area

      where the property is to be repaired, and the cost of repair or replacement parts and equipment, as reasonably determined by **us**; and

    (ii)  will be based on the cost of repair or replacement parts and equipment which may be new, reconditioned, remanufactured, or used, including, but not limited to:

      (a)  original manufacturer parts or equipment; and

      (b)  non-original manufacturer parts or equipment;

  b.  the actual cash value is determined by the market value, age and condition of the **auto** at the time the **loss** occurs; and

  c.  duplicate recovery for the same elements of damages is not permitted.

4.  To determine the amount necessary to repair the damaged property to its pre-loss physical condition as referred to in Paragraph 1.c., the total cost of necessary repairs will be reduced by:

  a.  the cost of labor, parts and materials necessary to repair or replace damage, deterioration, defects, or wear and tear on exterior body parts, windshields and other glass, wheels, and paint, that existed prior to the **accident** and that is eliminated as a result of the repair or replacement of property damaged in the **loss**. This adjustment for physical condition includes, but is not limited to, broken, cracked or missing parts, rust, dents, scrapes, gouges and peeling paint;

  b.  an amount for depreciation (also referred to as betterment) that represents a portion of the cost of mechanical parts (parts that wear out over time and have a useful life typically shorter than the life of the **auto** as a whole) that are installed as replacements for existing mechanical parts that were defective, inoperable or nonfunctional prior to the **accident**, which **we** deem necessary to replace in the course of repair; and

  c.  an amount for depreciation (also referred to as betterment) on high-wear parts that have a measurable life, such as tires, batteries, engine or transmission, determined by the proportional increase in the useful life of the replacement part when compared to the replaced part. For example, if **we** replace a 24-month old battery that had a manufacturer's rated life of 60 months with a new 60-month rated battery, **our** payment for the battery is reduced by 40% and **you** are responsible to pay that 40% portion of the cost of the battery.

**DEDUCTIBLE**

For each **loss** that qualifies for coverage under Comprehensive, Collision, or Fire and Theft with Combined Additional Coverage, the deductible shown on the **declarations page** for the **insured auto** will be applied. A single deductible will be applied to any **loss**. In the event there are different deductible amounts applicable to the **loss**, the higher deductible will be applied. In all events, the deductible will be applied against the limit of liability. If a **loss** involves another coverage added by endorsement to this policy, only one deductible will apply to the entire **loss** event.

If **your insured auto** is an additional **auto** that **you** have requested to be added to **your** policy within 30 days of **your** acquisition of the **auto**, and no deductible has been

designated for the additional **auto** prior to the **loss**, then:

1. when the **insured auto** is a **private passenger auto**, **we** will apply the lowest deductible listed for any one **auto** listed on the **declarations page**; or
2. when the **insured auto** is an **auto** other than a **private passenger auto**, **we** will apply the highest deductible listed for any one **auto** listed on the **declarations page**.

No deductible will apply to a **loss** to window glass when the glass is repaired instead of replaced.

## SALVAGE

If **we** pay the actual cash value of **your insured auto** less the deductible, or if **we** pay the amount necessary to replace **your insured auto** less the deductible, **we** are entitled to all salvage. If **your insured auto** is a **total loss** and **we** pay the applicable Limit of Liability or Stated Amount as shown on the **declarations page** less the deductible, **we** are entitled to the same percent of salvage as **our** payment bears to the actual cash value of **your insured auto**.

## NO BENEFIT TO BAILEE

No bailee or carrier shall benefit, directly or indirectly, from this Part II - Damage To Your Auto.

## APPRAISAL

If **we** cannot agree with **you** on the amount of **your loss**, then **you** or **we** may demand an appraisal of the **loss**. Each party shall appoint a competent and disinterested appraiser. If the appraisers agree on the amount of the **loss**, they shall submit a written report to **us** and this shall be deemed to be the amount of the **loss**.

If the appraisers cannot agree on the amount of the **loss** within a reasonable time, they shall then choose a competent, impartial umpire, provided that if they cannot agree on an umpire within 15 days, either **you** or **we** may petition a judge of a court having jurisdiction to choose an umpire. The disagreement of the appraisers shall then be submitted to the umpire. Subject to the provisions of the policy, a written agreement signed by both appraisers or by one appraiser and the umpire will be the amount of the **loss**.

**You** must pay **your** fees and expenses and those of **your** appraiser. **We** will pay **our** fees and expenses and those of **our** appraiser. All other expenses of the appraisal, including payment of the umpire if one is necessary, will be shared equally by **you** and **us**.

By agreeing to an appraisal, **we** do not waive any of **our** rights under any other part of this policy, including **our** right to deny the claim.

**PAYMENT OF LOSS**

At **our** option, **we** may pay the **loss** in money, or repair or replace the damaged or stolen property. **We** may, at any time before the **loss** is paid or the property is replaced, return, at **our** expense, any stolen property either to **you** or to the address shown on the **declarations page**, with payment for the resulting damage less any applicable deductibles. **We** may keep all or part of the property at the agreed or appraised value, but there shall be no abandonment to **us**.

**We** may make payment for a **loss** either to **you** or the owner of the property. Payment for a **loss** is required only if **you** have fully complied with the terms of this policy.

**You** must convey title to and possession of the damaged, destroyed, or stolen property to **us** if **we** pay the actual cash value of **your insured auto** less the deductible or if **we** pay the amount necessary to replace **your insured auto** less the deductible.

**LOSS PAYEE AGREEMENT**

**We** will pay the Loss Payee named in the policy for **loss** to **your insured auto**, as the interest of the Loss Payee may appear.

This insurance covers the interest of the Loss Payee unless the **loss** results from fraudulent acts or omissions on **your** part.

Cancellation ends this agreement as to the Loss Payee's interest.

If **we** make any payment to the Loss Payee, **we** will obtain the Loss Payee's rights against any other party.

<u>**GENERAL PROVISIONS**</u>

1.  **Policy Period and Territory**

    This policy applies only to **accidents** and **losses** occurring during the policy period shown on the **declarations page** and that occur within a state, territory, or possession of the United States of America, or a province or territory of Canada, or while an **insured auto** is being transported between their ports.

2.  **Policy Changes**

    This policy, **your** insurance application (which is made a part of this policy as if attached hereto), the **declarations page**, as amended, and endorsements to this policy issued by **us** contain all the agreements between **you** and **us**. Subject to the following, its terms may not be changed or waived except by an endorsement issued by **us**.

21

The premium for this policy is based on information **we** have received from **you** or other sources. **You** agree to cooperate with **us** in determining if this information is correct and complete, and **you** will notify **us** if it changes during the policy period. If this information is incorrect, incomplete, or changes during the policy period, **you** agree that **we** may adjust **your** premium during the policy period, or take other appropriate action.

Changes that may result in a premium adjustment include, but are not limited to, changes in:

a.  the number, type, or use classification of **insured autos**;
b.  operators using **insured autos**, their ages, driving histories, or marital status;
c.  the place of principal garaging of any **insured auto**;
d.  coverage, deductibles, or limits of liability; or
e.  rating territory or discount eligibility.

If **you** ask **us** to delete a vehicle from this policy, no coverage will apply to that vehicle as of the date and time **you** ask **us** to delete it.

Nothing contained in this section will limit **our** right to void this policy for fraud, misrepresentation or concealment of any material fact by **you**, or anyone acting on **your** behalf.

3. **Other Insurance**

   a.  For any **insured auto** that is specifically described on the **declarations page**, this policy provides primary coverage. For an **insured auto** which is not specifically described on the **declarations page**, coverage under this policy will be excess over any and all other valid and collectible insurance, whether primary, excess or contingent. However, if the **insured auto** which is specifically described on the **declarations page** is a **trailer**, this policy will be primary only if the **trailer** is attached to an **insured auto** that is a power unit **you** own and is specifically described on the **declarations page**, and excess in all other circumstances.

   b.  If coverage under more than one policy applies on the same basis, either excess or primary, **we** will pay only **our** proportionate share. **Our** proportionate share is the proportion that the Limit of Liability of this policy bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

4. **Two or More Policies Issued By Us**

   If any applicable insurance other than this policy is issued to **you** by **us**, or any company affiliated with **us**, and applies to the same **accident** or **loss**, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.

22

5. **Legal Action Against Us**

**We** may not be sued unless there is full compliance with all the terms of this policy.

**We** may not be sued for payment under Part I - Liability To Others until the obligation of an insured under Part I to pay is finally determined either by judgment against that insured after actual trial or by written agreement of the insured, the claimant, and **us**. No one will have any right to make us a party to a lawsuit to determine the liability of an insured.

6. **Our Recovery Rights**

In the event of any payment under this policy, **we** are entitled to all the rights of recovery of the person or organization to whom payment was made. That person or organization must sign and deliver to **us** any legal papers relating to that recovery, do whatever else is necessary to help **us** exercise those rights, and do nothing after the **loss** or **accident** to harm **our** rights.

When a person has been paid damages by **us** under this policy and also recovers from another, the amount recovered from the other shall be held in trust for **us** and reimbursed to **us** to the extent of **our** payment, provided that the person to or on behalf of whom such payment is made is fully compensated for their **loss**.

In the event recovery has already been made from the responsible party, any rights to recovery by the person(s) claiming coverage under this policy no longer exist.

7. **Assignment**

Interest in this policy may not be assigned without **our** written consent. If the policyholder named on the **declarations page** is a natural person and that person dies, the policy will cover:
a.   any other named insured on the policy;
b.   the legal representative of the deceased person while acting within the scope of duty of a legal representative; and
c.   any person having proper custody of **your insured auto** until a legal representative is appointed, but in no event for more than 30 days after the date of death.

8. **Waiver**

Notice to any agent or knowledge possessed by any agent or other person shall not change or effect a waiver on any portion of this policy nor prevent **us** from exercising any of **our** rights under this policy.

23

9.  **Bankruptcy**

**We** are not relieved of any obligation under this policy because of the bankruptcy or insolvency of an insured.

10.  **Inspection and Audit**

**We** shall have the right to inspect **your** property and operations at any time. This includes, but is not limited to, the right to inspect and audit the maintenance of any **autos** covered hereunder, the identity of **your** drivers and their driving records, and **your** radius of operations. In doing so, **we** do not warrant that the property or operations are safe and healthful, or are in compliance with any law, rule or regulation.

**We** shall also have the right to examine and audit **your** books and records at any time during the policy period and any extensions of that period and within three years after termination of the policy, as far as they relate to the subject matter of this insurance.

11.  **Fraud or Misrepresentation**

This policy was issued in reliance upon the information provided on **your** insurance application. **We** may void this policy at any time, including after the occurrence of an **accident** or **loss**, if **you**:

1.  made incorrect statements or representations to **us** with regard to any material fact or circumstance;
2.  concealed or misrepresented any material fact or circumstance; or
3.  engaged in fraudulent conduct;

at the time of application. This means that **we** will not be liable for any claims or damages that would otherwise be covered.

**We** may deny coverage for an **accident** or **loss** if **you** or any other insured knowingly concealed or misrepresented any material fact or circumstance or engaged in fraudulent conduct in connection with the presentation or settlement of a claim. **We** reserve all rights to indemnity against a person committing fraud or misrepresentation for all payments made and costs incurred.

12.  **Liberalization**

If **we** make a change that broadens a coverage **you** have under this edition of **your** policy without additional charge, **you** will receive the broadened coverage. The broadened coverage applies on the date the coverage change is implemented in **your** state. This provision does not apply to a general program revision or **our** issuance of a subsequent edition of **your** policy. Otherwise, this policy can be changed only by endorsement issued by **us**.

13. **Severability**

Except with respect to the Limit of Liability, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or lawsuit is brought.

14. **Settlement of Claims**

**We** may use estimating, appraisal, or injury evaluation systems to adjust claims under this policy and to determine the amount of damages, expenses, or loss payable under this policy. Such systems may be developed by **us** or a third party and may include computer software, databases, and specialized technology.

15. **Automatic Termination**

If **we** or an affiliate offers to renew or continue this policy and **you** or **your** representative does not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due will mean that **you** have not accepted **our** offer.

If **you** obtain other insurance on an **insured auto**, any similar insurance provided by this policy will terminate as to that **insured auto** on the effective date of the other insurance.

If an **insured auto** is sold or transferred, any insurance provided by this policy will terminate as to that **insured auto** on the effective date of the sale or transfer.

16. **Duty to Report Changes**

**You** must promptly notify **us** when:
1. **your** mailing or business address changes;
2. the principal garaging address of an **insured auto** changes;
3. there is a change to the persons who regularly operate an **insured auto**; or
4. **you** acquire, sell, or dispose of **autos**.

17. **Terms of Policy Conformed to Statutes**

If any provision of this policy fails to conform to the statutes of the state listed on **your** application as **your** business location, the provision shall be deemed amended to conform to such statutes. All other provisions shall be given full force and effect. Any disputes as to the coverages provided or the provisions of this policy shall be governed by the law of the state listed on **your** application as **your** business location.

Form 6912 (06/10)

## INDEX OF ENDORSEMENTS

**All forms appearing in this endorsement section do not automatically pertain to your policy. Only those endorsements whose form numbers appear on your declarations page apply to your policy.**

**Form No./Description**                                                                    **Page**

1797 (06/10)
**Contingent Liability Endorsement - Limited Liability Coverage
For Non-Trucking Use Of An Automobile** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

1890 (03/08)
**Employer's Non-Ownership Liability Endorsement** . . . . . . . . . . . . . . . . . . . . . . . . 28

1891 (03/08)
**Hired Auto Coverage Endorsement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

2366 (02/11)
**Blanket Additional Insured Endorsement** . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

2367 (06/10)
**Blanket Waiver of Subrogation Endorsement** . . . . . . . . . . . . . . . . . . . . . . . 31

2368 (06/10)
**Loan/Lease Gap Coverage Endorsement** . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

2852 IL (05/15)
**Uninsured/Underinsured Motorist Coverage Endorsement** . . . . . . . . . . . . . . 33

4717 (02/11)
**Trailer Interchange Coverage Endorsement** . . . . . . . . . . . . . . . . . . . . . . . . . 39

4757 IL (09/04)
**Medical Payments Coverage Endorsement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

4852 IL (12/11)
**Cancellation and Nonrenewal Endorsement** . . . . . . . . . . . . . . . . . . . . . . . . . . 43

4881 IL (12/11)
**Illinois Amendatory Endorsement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

5701 IL (12/11)
**Individual Named Insured Endorsement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

**Artisan Exhibit 1C - Page 33**

Z228 (01/11)
**Mobile Equipment As Insured Autos Endorsement**. . . . . . . . . . . . . . . . . 48

Z438 IL (08/14)
**Garage Operations Physical Damage Legal Liability
Coverage and Limited Garage Liability (Towing Only)
Coverage Endorsement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

Z439 (02/11)
**Non-Owned Trailer Physical Damage Coverage Endorsement**. . . . . . . . 56

Z442 (01/08)
**Any Automobile Legal Liability Coverage Endorsement** . . . . . . . . . . . . 58

Form 1797 (06/10)

## CONTINGENT LIABILITY ENDORSEMENT - LIMITED LIABILITY COVERAGE FOR NON-TRUCKING USE OF AN AUTOMOBILE

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply.

**We** agree with **you** that the insurance provided under **your** Commercial Auto Policy is modified as follows:

### PART I - LIABILITY TO OTHERS

A.   Under the Additional Definitions Used In This Part Only section:

Subsection A.3. is deleted and replaced by the following:

3.   Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I - Liability To Others. However, **insured** does not include anyone engaged in the business of transporting property by auto for hire that is liable for **your** conduct.

B.   The following exclusion is added:

15.   **Trucking Use**
Coverage under this Part I, including **our** duty to defend, does not apply to an **insured auto** or any attached **trailer** while operated, maintained, or used:
a.   To carry property or while such property is being loaded or unloaded from the **insured auto** or an attached **trailer**; or
b.   In any business or for any business purpose.

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

Form 1890 (03/08)

### EMPLOYER'S NON-OWNERSHIP LIABILITY ENDORSEMENT

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply.

**We** agree with **you** that the insurance provided under **your** Commercial Auto Policy is modified as follows:

28

**ADDITIONAL DEFINITION USED IN THIS ENDORSEMENT**

If **you** pay a premium for this Employer's Non-Ownership Liability coverage, then the following definition is added:

"**Non-owned auto**" means an **auto** that **you** do not own, lease, hire, rent, or borrow, and that is used in connection with **your** business. This includes **autos** owned by **your** employees, partners (if **you** are a partnership), members (if **you** are a limited liability company), or members of their households, but only while such **autos** are used in **your** business or **your** personal affairs.

**CHANGES TO PART I - LIABILITY TO OTHERS**

The definition of **insured auto** is modified to include a **non-owned auto**. The definition of **insured** does not include the owner of a **non-owned auto**.

**EXCLUSIONS**

The insurance provided by this endorsement does not apply to **bodily injury** or **property damage** arising out of the ownership, maintenance or use of any **non-owned auto** in the conduct of any partnership or joint venture of which **you** are a partner or member and which is not shown as the named insured on the **Declarations Page**.

**OTHER INSURANCE**

The insurance provided by this endorsement is excess over any other valid and collectible insurance.

**PREMIUM AGREEMENT**

The premium for this Employer's Non-Ownership Liability coverage is based, in part, on the number of **your** employees. **We** may audit the number of employees and charge appropriately for additional premium up to three years after the policy expiration.

This does not alter or limit **our** general audit rights under the General Provisions section of this policy.

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

Form 1891 (03/08)

## HIRED AUTO COVERAGE ENDORSEMENT

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply.

**We** agree with **you** that the insurance provided under **your** Commercial Auto Policy is modified as follows:

### ADDITIONAL DEFINITIONS USED IN THIS ENDORSEMENT

If **you** pay a premium for this Hired Auto Coverage, then the following definitions are added:
1.  "**Hired auto**" means an **auto you** lease, hire, rent or borrow. This does not include any **auto you** lease, hire, rent or borrow from any of **your** employees, partners (if **you** are a partnership), members (if **you** are a limited liability company) or member of their households.
2.  "**Cost of hire**" means the total amount paid by **you** for the hire of **autos**, including charges for services performed by motor carriers of property or passengers that are subject to the compulsory requirements of any motor carrier laws or regulations.

### CHANGES TO PART I - LIABILITY TO OTHERS

When used in Part I - Liability To Others, the definition of **insured auto** is amended to include a **hired auto**.

### OTHER INSURANCE

The insurance provided by this Hired Auto Coverage endorsement is excess over any other valid and collectible insurance, whether primary, excess, or contingent.

### PREMIUM AGREEMENT

The premium for this Hired Auto Coverage is based on the **cost of hire**, and is subject to a minimum **cost of hire**. **We** may audit the **cost of hire** and charge appropriately for additional premium for up to three years after the policy expiration.

This does not alter or limit **our** general audit rights under the General Provisions section of this policy.

### ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.

Form 2366 (02/11)

## BLANKET ADDITIONAL INSURED ENDORSEMENT

This endorsement modifies insurance provided by the Commercial Auto Policy, Motor Truck Cargo Legal Liability Coverage Endorsement, and/or Commercial General Liability Coverage Endorsement, as appears on the **declarations page**. All terms and conditions of the policy apply unless modified by this endorsement.

If **you** pay the fee for this Blanket Additional Insured Endorsement, **we** agree with **you** that any person or organization with whom **you** have executed a written agreement prior to any **loss** is added as an additional **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to such additional **insured** only as a person or organization liable for **your** operations and then only to the extent of that liability. This endorsement does not apply to acts, omissions, products, work, or operations of the additional **insured**.

Regardless of the provisions of paragraph a. and b. of the "Other Insurance" clause of this policy, if the person or organization with whom **you** have executed a written agreement has other insurance under which it is the first named **insured** and that insurance also applies, then this insurance is primary to and non-contributory with that other insurance when the written contract or agreement between **you** and that person or organization, signed and executed by **you** before the **bodily injury** or **property damage** occurs and in effect during the policy period, requires this insurance to be primary and non-contributory.

In no way does this endorsement waive the "Other Insurance" clause of the policy, nor make this policy primary to third parties hired by the **insured** to perform work for the **insured** or on the **insured's** behalf.

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

Form 2367 (06/10)

## BLANKET WAIVER OF SUBROGATION ENDORSEMENT

This endorsement modifies insurance provided by the Commercial Auto Policy, Motor Truck Cargo Legal Liability Coverage Endorsement, and/or Commercial General Liability Coverage Endorsement, as appears on the **declarations page**. All terms and conditions of the policy apply unless modified by this endorsement.

If **you** pay the fee for this Blanket Waiver of Subrogation Endorsement, **we** agree to waive any and all subrogation claims against any person or organization with whom

a written waiver agreement has been executed by the named insured, as required by written contract, prior to the occurrence of any **loss**.

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

Form 2368 (06/10)

## LOAN/LEASE GAP COVERAGE ENDORSEMENT

This endorsement modifies insurance provided by the Commercial Auto Policy. All terms and conditions of the policy apply unless modified by this endorsement.

### INSURING AGREEMENT - LOAN/LEASE PAYOFF COVERAGE

If **you** pay the premium for this coverage, and the **insured auto** for which this coverage was purchased is deemed by **us** to be a **total loss**, **we** will pay, in addition to any amounts otherwise payable under Part II of **your** policy, the difference between:

1. the actual cash value of the **insured auto** at the time of the **total loss**; and
2. any greater amount the owner of the **insured auto** is legally obligated to pay under a written loan or lease agreement to which the **insured auto** is subject at the time of the **total loss**, reduced by:
   a. unpaid finance charges or refunds due to the owner for such charges;
   b. excess mileage charges or charges for wear and tear;
   c. charges for extended warranties or refunds due to the owner for extended warranties;
   d. charges for credit insurance or refunds due to the owner for credit insurance;
   e. past due payments and charges for past due payments; and
   f. collection or repossession expenses.

However, **our** payment under this coverage shall not exceed the limit of liability shown on the **declarations page**. The limit of liability is a percentage of the actual cash value of the **insured auto** at the time of the loss.

This coverage applies only if **you** have purchased both Comprehensive Coverage and Collision Coverage for that **insured auto** and the loss is covered under one of those coverages.

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

Form 2852 IL (05/15)

## UNINSURED/UNDERINSURED MOTORIST COVERAGE ENDORSEMENT

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply.

**We** agree with **you** that the insurance provided under **your** Commercial Auto Policy is modified as follows:

### INSURING AGREEMENT - UNINSURED/UNDERINSURED MOTORIST BODILY INJURY COVERAGE

Subject to the Limits of Liability, if **you** pay the premium for Uninsured/Underinsured Motorist Coverage, **we** will pay for damages, other than punitive or exemplary damages, which an **insured** is legally entitled to recover from the **owner** or operator of an **uninsured auto** or **underinsured auto** because of **bodily injury**:

1. sustained by an **insured**;
2. caused by an **accident**; and
3. arising out of the ownership, maintenance, or use of an **uninsured auto** or **underinsured auto**.

### INSURING AGREEMENT - UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE

Subject to the limits of liability, if **you** pay a premium for Uninsured Motorist Property Damage Coverage, **we** will pay for damages, other than punitive or exemplary damages, which an **insured** is entitled to recover from the **owner** or operator of an **uninsured auto** due to **property damage**:

1. to an **insured auto** for which Uninsured Motorist Property Damage Coverage has been purchased;
2. caused by an **accident**; and
3. arising out of the ownership, maintenance, or use of an **uninsured auto**.

Subject to any deductible applicable under this endorsement, **we** will replace, or reimburse the reasonable cost to replace, any child restraint system that was in use by a child in an **insured auto** and was damaged during an **accident** to which Uninsured Motorist Property Damage Coverage applies due to the liability of the **owner** or operator of an **uninsured auto**.

**We** will pay under this endorsement only after the limits of liability under all applicable liability bonds and policies have been exhausted by payment of judgments or settlements. However, this shall not apply if **we** and the **insured** agree, without arbitration, that the **insured** has suffered **bodily injury**, death, or **property damage**, and also agree on the amount of damages within the limit of liability that the **insured** is legally entitled to collect under this endorsement.

33

An **insured** must notify **us** in writing at least thirty (30) days before entering into any settlement with the **owner** or operator of an **uninsured auto** or **underinsured auto**, or any liability insurer. In order to preserve **our** right of subrogation, **we** may elect to pay any sum offered in settlement by, or on behalf of, the **owner** or operator of an **uninsured auto** or **underinsured auto**. If **we** do this, **you** agree to assign to **us** all rights that **you** have against the **owner** or operator of the **uninsured auto** or **underinsured auto**.

## ADDITIONAL DEFINITIONS

When used in this endorsement, whether in the singular, plural, or possessive:

1. "**Insured**" means:
   a. if the named insured shown on the **Declarations Page** is a natural person:
      (i) **you** or a **relative**;
      (ii) any person **occupying your insured auto** or a **temporary substitute auto**; and
      (iii) any person who is entitled to recover damages covered by this endorsement because of **bodily injury** sustained by a person described in (i) or (ii) above; or
   b. if the named insured shown on the **Declarations Page** is a corporation, partnership, organization or any other entity that is not a natural person:
      (i) any person occupying **your insured auto** or **temporary substitute auto**; and
      (ii) any person who is entitled to recover damages covered by this endorsement because of **bodily injury** sustained by a person described in (i) above.

2. "**Non-owned auto**" means any **auto** that is not **owned** by **you** or furnished for **your** regular use and, if the named insured is a person, not owned or furnished for the regular use of the named insured's spouse or **relative**.

3. "**Owned**" means the person:
   a. holds legal title to the vehicle;
   b. has legal possession of the vehicle that is subject to a written security agreement with an original term of six (6) months or more; or
   c. has legal possession of the vehicle that is leased to that person under a written agreement for a continuous period of six (6) months or more;

4. "**Owner**" means the person who, with respect to a vehicle:
   a. holds legal title to the vehicle;
   b. has legal possession of the vehicle that is subject to a written security agreement with an original term of six (6) months or more; or
   c. has legal possession of the vehicle that is leased to that person under a written agreement for a continuous period of six (6) months or more.

5. "**Property damage**" means only physical damage to or destruction of an **insured auto**. **Property damage** does not include loss of use of an **insured auto** resulting from its physical damage or destruction.

6. "**Underinsured auto**" means a land motor vehicle to which a **bodily injury** liability bond or policy applies at the time of the **accident**, but the sum of all applicable limits of liability for **bodily injury** is less than the coverage limit for Uninsured/Underinsured Motorist Bodily Injury Coverage as shown on the **Declarations Page**.

34

An "**underinsured auto**" does not include any vehicle or equipment:

a. **owned** by **you** or a **relative**;
b. **owned** by any governmental unit or agency;
c. operated on rails or crawler treads;
d. designed mainly for use off public roads, while not on public roads;
e. while used as a residence or premises;
f. shown on the **Declarations Page** of this policy;
g. not required to be registered as a motor vehicle; or
h. which is an **uninsured auto**.

7. "**Uninsured auto**" means a land motor vehicle of any type:

a. to which no **bodily injury** liability bond or policy applies at the time of the **accident**;
b. to which a **bodily injury** liability bond or policy applies at the time of the **accident**, but the bonding or insuring company:
   (i)   denies coverage; or
   (ii)  is or becomes insolvent;
c. to which a **bodily injury** liability bond or policy applies at the time of the **accident**, but its limit of liability for **bodily injury** is less than the minimum limit of liability for **bodily injury** specified by the financial responsibility law of the state in which the **insured auto** is principally garaged; or
d. that is a hit-and-run vehicle whose operator or **owner** cannot be identified and which strikes, or causes an object to strike:
   (i)   **you** or a **relative**;
   (ii)  an auto that **you** or a **relative** are **occupying**; or
   (iii) an **insured auto** or **temporary substitute auto**;
   provided that the **insured**, or someone on his or her behalf, reports the **accident** to the police or civil authority within twenty-four (24) hours or as soon as practicable after the **accident**.

An "**uninsured auto**" does not include any motorized auto or equipment:

a. **owned** by, furnished to, or available for the regular use of you and, if the named insured is a natural person, a **relative**, other than an **insured auto**;
b. **owned** or operated by a self-insurer under any applicable vehicle law, except a self-insurer that is or becomes insolvent;
c. **owned** by any governmental unit or agency;
d. designed mainly for use off public roads, while not on public roads;
e. while being used as a residence or premises;
f. not required to be registered as a motor vehicle; or
g. which is an **underinsured auto**.

**<u>EXCLUSIONS</u> - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS ENDORSEMENT.**

1. Coverage under this endorsement is not provided for **bodily injury** sustained by any person while using or **occupying**:

    a.   an **insured auto** without the express or implied permission of **you** and, if the named insured is a natural person, a **relative**;

    b.   a **non-owned auto** without the express or implied permission of the **owner**; or

    c.   an **auto** or device of any type designed to be operated on the public roads that is **owned** by, furnished to, or available for the regular use of **you** or, if the named insured is a natural person, a **relative**, other than an **insured auto** or **temporary substitute auto**.

2.   Coverage under this endorsement is not provided for **property damage**:

    a.   to an **insured auto** while being used or driven by a person while employed or engaged in the **business** of selling, leasing, repairing, parking, storing, servicing, delivering, or testing vehicles. However, this exclusion does not apply to **you**, a **relative**, or an agent or employee of **you** or a **relative**, when using an **insured auto**;

    b.   to an **insured auto** resulting from any pre-arranged or organized racing, speed or demolition contest, stunting activity, or in practice or preparation for any such contest or activity;

    c.   to an **insured auto** due to a nuclear reaction or radiation;

    d.   to an **insured auto** for which insurance is afforded under a nuclear energy liability insurance contract;

    e.   to a trailer;

    f.   which is not caused by the actual physical contact of an **uninsured auto** with the **insured auto**; or

    g.   if the **owner** or operator of the at-fault **uninsured auto** cannot be identified.

3.   Coverage under this endorsement will not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar laws:

    a.   workers' compensation law; or

    b.   disability benefits law.

## LIMITS OF LIABILITY

Regardless of the number of premiums paid, or the number of **insured autos** or trailers shown on the **Declarations Page**, or the number of policies issued by us, or the number of vehicles or **insureds** involved in the **accident**, or the number of claims or lawsuits arising out of an **accident**, **we** will pay no more than the limit of liability shown for Uninsured/Underinsured Motorist Coverage on the **Declarations Page**.

If the **Declarations Page** shows that "combined single limit" or "CSL" applies, the amount shown is the most **we** will pay for the total of all damages resulting from any one **accident**. However, without changing this total "each accident" limit of liability, **we** will comply with any law that requires **us** to provide any separate limits.

If **your Declarations Page** shows a split limit:

1.   the amount shown for "each person" is the most **we** will pay for all damages due to a **bodily injury** to one person;

2.   subject to the "each person" limit, the amount shown for "each accident" is the most **we** will pay for all damages due to **bodily injury** sustained by two or more persons in any one **accident**; and

3.   the amount shown for "property damage" is the most **we** will pay for the aggregate of all **property damage** caused by any one **accident**.

The "each person" limit of liability includes the total of all claims made for **bodily injury** to an **insured** and all claims of others derived from such **bodily injury**, including, but not limited to, emotional injury or mental anguish resulting from the **bodily injury** of another or from witnessing the **bodily injury** to another, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

The limit of liability under this endorsement for **property damage** to an **insured auto** arising out of one **accident** is the lowest of:
1.   $15,000;
2.   the actual cash value of the **insured auto** at the time of the **accident**, reduced by the deductible shown on the **Declarations Page**, and by its salvage value if the **insured auto** is more than eight (8) years old and **we** allow **you** or the **owner** to retain the salvage;
3.   the amount necessary to replace the **insured auto**, reduced by the deductible shown on the **Declarations Page**, and by its salvage value if the **insured auto** is more than eight (8) years old and **we** allow **you** or the **owner** to retain the salvage;
4.   the amount necessary to repair the **insured auto** to its pre-loss condition, reduced by the deductible shown on the **Declarations Page**; or
5.   any limit of liability shown on the **Declarations Page** for **property damage** under this endorsement, reduced by the salvage value of the **insured auto** if the **insured auto** is more than eight (8) years old and **we** allow **you** or the **owner** to retain the salvage.

Payments for **property damage** under this endorsement are subject to the following provisions:
1.   no more than one deductible shall be applied to any one **accident**; and
2.   an adjustment for depreciation or physical condition, which may also be referred to as betterment, wear and tear, or prior damage, will be made in determining the limit of liability at the time of the **accident**.

The limits of liability for **bodily injury** under this endorsement shall be reduced by all sums:
1.   paid because of **bodily injury** by or on behalf of any persons or organizations that may be legally responsible, including, but not limited to, all sums paid under Part I - Liability To Others; and
2.   paid, or payable, or should apply, because of **bodily injury** under any workers' compensation law.

The limits of liability for **property damage** under this endorsement shall be reduced by all sums paid because of **property damage**:
a.   by or on behalf of the persons or organizations who may be legally responsible; and
b.   under Part II - Damage To Your Auto.

Any payment made to a person under this endorsement shall reduce any amount that the person is entitled to recover under Part I - Liability To Others.

No one will be entitled to duplicate payments for the same elements of damages. Any judgment or settlement for damages against an operator or **owner** of an **uninsured auto** which arises out of a lawsuit brought without **our** written consent is not binding on **us**.

## OTHER INSURANCE

If there is other applicable uninsured or underinsured motorist coverage, **we** will pay only **our** share of the damages. **Our** share is the proportion that **our** limit of liability bears to the total of all available coverage limits. However, any insurance **we** provide shall be excess over any other uninsured or underinsured motorist coverage, except for **bodily injury** to **you** and, if the named insured is a natural person, a **relative** when **occupying** an **insured auto** or **temporary substitute auto**.

**We** will not pay for any damages which would duplicate any payment made for damages under other insurance.

## ARBITRATION

If **we** and an **insured** cannot agree on:
1.   the legal liability of the operator or **owner** of an **uninsured auto**; or
2.   the amount of the damages sustained by the **insured**;
this will be determined by arbitration if **we** or the **insured** make a written demand for arbitration prior to the expiration of the bodily injury statute of limitations in the state in which the **accident** occurred.

If a written demand for arbitration is made, each party shall select an arbitrator. The two arbitrators will select a third. If the two arbitrators cannot agree on a third arbitrator within forty-five (45) days, then either party may request that the arbitration be submitted to the American Arbitration Association, or on joint application by the **insured** and **us**, the third arbitrator may be appointed by a court having jurisdiction.

Each party will pay the costs and fees of its arbitrator and any other expenses it incurs. The costs and fees of the third arbitrator will be shared equally. In the event the arbitrators award reasonable arbitration costs, fees or expenses, **we** will pay only that portion of such awarded costs, fees or expenses as is necessary to prevent the amount available under this policy for payment of compensatory damages awarded by the arbitrators from being reduced to an amount less than the minimum amount required under the Illinois Vehicle Code and the Illinois Insurance Code, as amended.

Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** resides. Rules of procedure and evidence will apply according to Illinois law.

A decision agreed to by two of the arbitrators will be binding with respect to a determination of:
1.   the legal liability of the operator or **owner** of an **uninsured auto**; and
2.   the amount of the damages sustained by the **insured**.

The arbitrators shall have no authority to award compensatory damages in an amount in excess of the limit of liability. The decision of the arbitrators is binding only if the amount of the award does not exceed $75,000 for **bodily injury** or death of any one person, $150,000 for **bodily injury** or death of two or more persons in any one motor vehicle accident, or the corresponding policy limits for **bodily injury** or death, whichever is less. If the award of the arbitrators for damages caused by an **uninsured auto** exceeds the applicable limit set forth in this paragraph, either party may demand the right to a trial. This demand must be made in writing within sixty (60) days of the arbitrators' decision. If the demand is not made within sixty (60) days, the amount of damages agreed to by the arbitrators will be binding.

**ALL OTHER TERMS, LIMITS AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

---

Form 4717 (02/11)

### TRAILER INTERCHANGE COVERAGE ENDORSEMENT

---

This endorsement modifies insurance provided by the Commercial Auto Policy. All terms and conditions of the policy apply unless modified by this endorsement.

Subject to the Limits of Liability, if **you** pay the premium for Trailer Interchange Coverage, **we** will pay damages for **property damage** for which **you** become legally responsible because of **loss** to a **trailer** not owned by **you**, and its equipment, while in **your** possession. The **trailer** must be in **your** possession under a written trailer or equipment interchange agreement in which **you** assume liability for **loss** to the **trailer** while in **your** possession.

**We** will pay for a **loss** to the **trailer** and its equipment under the coverages described below, as reflected on **your declarations page**:

a.   Collision coverage. For **loss** caused by:
    (i)   The **trailer's** collision with another object; or
    (ii)  The **trailer's** overturn.
b.   Comprehensive coverage. From any **loss** except:
    (i)   The **trailer's** collision with another object; or
    (ii)  The **trailer's** overturn.

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this endorsement. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment or judgments or settlements.

**ADDITIONAL DEFINITION**

"**Trailer**", when used in this endorsement, includes a shipping container.

**ADDITIONAL PAYMENTS**

In addition to **our** Limit of Liability, **we** will pay for an **insured**:

a.   all expenses **we** incur in the settlement of any claim or defense of any lawsuit;

b.   interest accruing after entry of judgment on that part of the judgment that does not exceed **our** Limit of Liability. This payment does not apply if **we** have not been given notice of suit or the opportunity to defend an **insured**.

   **Our** payment, offer in writing, or deposit in court of that part of the judgment which does not exceed **our** Limit of Liability ends **our** duty to pay interest that accrues after the date of **our** payment, written offer, or deposit.

c.   the premiums on any appeal bond or attachment bond required in any lawsuit **we** defend. **We** have no duty to purchase a bond in a principal amount exceeding **our** Limit of Liability, and **we** have no duty to apply for or furnish these bonds; and

d.   reasonable expenses, including loss of earnings up to $250 a day, incurred at **our** request.

**EXCLUSIONS**

a.   **We** will not pay for **loss** caused by or resulting from any of the following. Such **loss** is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the **loss**.

   (i)   Nuclear Hazard.
      (1)   The explosion of any weapon employing atomic fission or fusion; or
      (2)   Nuclear reaction or radiation, or radioactive contamination, however caused.

   (ii)   War or Military Action
      (1)   War, including undeclared or civil war;
      (2)   Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or agents; or
      (3)   Insurrection, rebellion, revolution, usurped power or action taken by a governmental authority in hindering or defending against any of these.

b.   **We** will not pay for loss of use.

c.   **We** will not pay for **loss** caused by, or resulting from, any of the following unless caused by another **loss** that is covered by this insurance;

   (i)   Wear and tear, freezing, mechanical or electrical breakdown; or
   (ii)   Blowouts, punctures, or other road damage to tires.

**LIMIT OF INSURANCE AND DEDUCTIBLE**

The most **we** will pay for **loss** to any one **trailer** is the least of the following amounts minus any applicable deductible shown on the **declarations page**:

a.   The actual cash value of the damaged or stolen property at the time of the **loss**;

b.   The amount necessary to replace the stolen or damaged property with other of like kind and quality;

c. The amount necessary to repair the damaged property to its pre-loss condition; or

d. The applicable Limit of Liability for the property as shown on the **declarations page**.

A single deductible will be applied to any **loss**. In the event there are different deductible amounts applicable to the **loss**, the higher deductible will be applied. In all events, the deductible will be applied against the limit of liability. If a **loss** involves another coverage added by endorsement to the policy, only one deductible will apply to the entire **loss** event.

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

---

Form 4757 IL (09/04)

## MEDICAL PAYMENTS COVERAGE ENDORSEMENT

---

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply.

**We** agree with **you** that the insurance provided under **your** Commercial Auto Policy is modified as follows:

### INSURING AGREEMENT

Subject to the limits of liability, if **you** pay the premium for Medical Payments Coverage, **we** will pay the **usual and customary charge** for reasonable and necessary expenses, incurred within three (3) years from the date of an **accident**, for medical and funeral services because of **bodily injury**:

1. sustained by an **insured**;
2. caused by an **accident**; and
3. arising out of the ownership, maintenance or use of a motor vehicle or **trailer**.

Any dispute as to the **usual and customary charge** will be resolved between the service provider and **us**.

### ADDITIONAL DEFINITIONS

When used in this endorsement, whether in the singular, plural, or possessive:

1. "**Insured**" means:

 a. if the named insured shown on the **Declarations Page** is a natural person:

  (i) **you** while **occupying** any **auto**, other than an **auto owned** by **you** which is not an **insured auto**;

  (ii) a **relative** while **occupying** an **insured auto**, **temporary substitute auto**, or **non-owned auto**;

  (iii) **you** or any **relative** when struck by a land motor vehicle of any type or a **trailer** while not **occupying** a motor vehicle; and

41

       (iv)  any other person while **occupying** an **insured auto**, **temporary substitute auto**, or **trailer** while attached to an **insured auto**; or

    b.  if the named insured shown on the **Declarations Page** is a corporation, partnership, organization or any other entity that is not a natural person, any person **occupying your insured auto**, **temporary substitute auto**, or **trailer** while attached to an **insured auto**.

2.  "**Non-owned auto**" means any **auto** that is not **owned** by **you** or furnished for **your** regular use and, if the named insured is a person, not **owned** by or furnished for the regular use of the named insured's non-resident spouse or a **relative**.

3.  "**Owned**" means the person:

    a.  holds legal title to the vehicle;

    b.  has legal possession of the vehicle that is subject to a written security agreement with an original term of six (6) months or more; or

    c.  has legal possession of the vehicle that is leased to that person under a written agreement for a continuous period of six (6) months or more.

4.  "**Owner**" means the person who, with respect to a vehicle:

    a.  holds legal title to the vehicle;

    b.  has legal possession of the vehicle that is subject to a written security agreement with an original term of six (6) months or more; or

    c.  has legal possession of the vehicle that is leased to that person under a written agreement for a continuous period of six (6) months or more.

5.  "**Usual and customary charge**" means an amount which **we** determine represents a customary charge for services in the geographical area in which the service is rendered. **We** shall determine the **usual and customary charge** through the use of independent sources of **our** choice.

**<u>EXCLUSIONS</u> - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS ENDORSEMENT.**

Coverage under this endorsement does not apply to **bodily injury**:

1.  sustained while **occupying** any **auto** or **trailer** while being used as a residence or premises;

2.  occurring during the course of employment if workers' compensation coverage is payable or required;

3.  arising out of an **accident** involving an **auto** or **trailer** while being used by a person while employed or engaged in the **business** of selling, leasing, repairing, parking, storing, servicing, delivering, or testing vehicles, unless that business is **yours**;

4.  resulting from any pre-arranged or organized racing, speed or demolition contest, stunting activity, or in practice or preparation for any such contest or activity;

5.  due to a nuclear reaction or radiation;

6.  for which insurance is afforded under a nuclear energy liability insurance contract;

7.  for which the United States Government is liable under the Federal Tort Claims Act;

8.  sustained by any person while **occupying** an **insured auto**, **temporary substitute auto**, or **trailer** without the express or implied permission of **you** or, if the named insured is a person, a **relative**;

9. sustained by any person while **occupying** a **non-owned vehicle** without the express or implied permission of the **owner**;

10. that is intentionally inflicted on an **insured** at that person's request or self-inflicted; or

11. sustained while **occupying** any vehicle that has less than four wheels or is not designed for operation principally upon public roads.

## LIMITS OF LIABILITY

Regardless of the number of premiums paid, or the number of **insured autos** or trailers shown on the **Declarations Page**, or the number of policies issued by **us**, or the number of vehicles or **insureds** involved in an **accident**, or the number of claims or lawsuits arising out of an **accident**, **we** will pay no more than the limit of liability shown for Medical Payments Coverage on the **Declarations Page**.

Any amount payable to an **insured** under this endorsement will be reduced by any amount paid or payable for the same expense under Part I - Liability To Others or any applicable Uninsured/Underinsured Motorist Coverage endorsement.

No one will be entitled to duplicate payments under this policy for the same elements of damages.

## OTHER INSURANCE

If there is other applicable **auto** medical payments insurance, **we** will pay only **our** share of the medical and funeral services. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide for an **insured occupying**:

1. an **auto**, other than an **insured auto** or **temporary substitute auto**; or
2. **trailer**, other than a **trailer** while connected to an **insured auto**;

will be excess over any other **auto** or **trailer** insurance providing payments for medical or funeral expenses.

Form 4852 IL (12/11)

### CANCELLATION AND NONRENEWAL ENDORSEMENT

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply.

**We** agree with **you** that the insurance provided under **your** Commercial Auto Policy is modified as follows:

## CANCELLATION

**You** may cancel this policy by calling or writing **us** and stating the future date that **you** wish the cancellation to be effective.

43

**We** may cancel this policy by mailing a notice of cancellation to the named insured shown on the **Declarations Page** at the last known address appearing in **our** records. If **we** cancel this policy during the first 60 days of the initial policy period for any reason other than nonpayment of premium, notice of cancellation will be mailed at least 30 days before the effective date of cancellation. If this policy has been in effect for more than 60 days, or if this is a renewal or continuation policy, and **we** cancel for any reason other than nonpayment of premium, notice of cancellation will be mailed at least 60 days before the effective date of cancellation. If **we** cancel this policy at any time due to nonpayment of premium, notice of cancellation will be mailed at least 10 days before the effective date of cancellation. **Our** notice of cancellation will state the reason(s) for cancellation.

**We** may cancel this policy for any reason within the first 60 days of the initial policy period.

After this policy is in effect for more than 60 days, or if this is a renewal or continuation policy, **we** may only cancel for one or more of the following reasons:

1.   **you** do not pay the required premium for this policy when due;
2.   this policy was obtained through a material misrepresentation;
3.   any insured has violated any of the terms and conditions of the policy;
4.   the risk originally accepted has measurably increased;
5.   certification to the Director of the loss of reinsurance by the insurer which provided coverage for **us** for all or a substantial part of the underlying risk insured; or
6.   a determination by the Director that the continuation of the policy could place **us** in violation of the insurance laws of this state.

With respect to cancellation, this policy is neither severable nor divisible. Any cancellation will be effective for all coverage for all persons and all **autos**.

If this policy is canceled, coverage will not be provided as of the effective date and time shown in the notice of cancellation.

**CANCELLATION REFUND**

Upon cancellation, **you** may be entitled to a premium refund. However, **our** making or offering of a refund is not a condition of cancellation.

If this policy is canceled, any refund due will be computed on a daily pro-rata basis.

**NONRENEWAL**

If **we** decide not to renew or continue this policy, **we** will mail to the named insured, **your** agent and loss payee a notice of nonrenewal at the last known address appearing in **our** records. Notice will be mailed at least 60 days before the end of the policy period.

**PROOF OF NOTICE**

Proof of mailing of any notice will be sufficient proof of notice.

Form 4881 IL (12/11)

## ILLINOIS AMENDATORY ENDORSEMENT

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply.

**We** agree with **you** that the insurance provided under **your** Commercial Auto Policy is modified as follows:

### GENERAL DEFINITIONS

The definition of "**relative**" in the General Definitions section is deleted in its entirety and replaced by the following:

13. "**Relative**" means any person living in the household in which the named insured resides who is related to the named insured by blood, marriage, civil union, or adoption, including a ward or foster child. This term only applies if the named insured is a natural person.

### PART I - LIABILITY TO OTHERS

The second paragraph in Part I - Liability To Others is amended to include the following:

If a lawsuit is brought against an **insured** with respect to a claim for acts or alleged acts covered under this Part I, seeking both compensatory and punitive or exemplary damages, **we** will provide a defense to such lawsuit without liability for any punitive or exemplary damages.

### PART II - DAMAGE TO YOUR AUTO

A. The following is added to the Collision Coverage provision in Part II - Damage To Your Auto:

Subject to any deductible applicable to a collision **loss**, **we** will replace, or reimburse the reasonable cost to replace, any child restraint system damaged in an **accident** to which this Collision Coverage applies.

B. The following is added to the Comprehensive Coverage provision in Part II - Damage To Your Auto:

Subject to any deductible applicable to a comprehensive **loss**, **we** will replace, or reimburse the reasonable cost to replace, any child restraint system damaged in an **accident** to which this Comprehensive Coverage applies.

C. The following is added to the Salvage provision in Part II - Damage To Your Auto:

In the event of a **total loss**, **we** will retain all salvage if the **insured auto** is eight (8) model years old or newer.

45

**GENERAL PROVISIONS**

Subsection 6 - Our Recovery Rights is deleted in its entirety and replaced by the following:

In the event of any payment under any applicable Uninsured/Underinsured Motorist Coverage endorsement, **we** are entitled to all the rights of recovery that an insured, as defined under such Uninsured/Underinsured Motorist Coverage endorsement, to whom or for whom payment was made, has against the **owner** or operator of an uninsured auto or underinsured auto. In the event of any other payment under this policy, **we** are entitled to all the rights of recovery that the insured to whom or for whom payment was made has against another. That insured must sign and deliver to **us** any legal papers relating to that recovery, do whatever else is necessary to help **us** exercise those rights, and do nothing after an **accident** or **loss** to prejudice **our** rights.

However, **we** may not assert rights of recovery against:

a.   any person who was using an **insured auto** with **your** express or implied permission for any payment made under Part II - Damage To Your Auto; or

b.   the **owner** or operator of an uninsured auto or underinsured auto, if the insured, as defined under such Uninsured/Underinsured Motorist Coverage endorsement, provides **us** with written notice thirty (30) days prior to entering into a settlement that an offer of settlement has been made by, or on behalf of, the **owner** or operator of an uninsured auto or underinsured auto, and **we** do not elect to pay that insured an amount equal to the amount offered in full settlement by, or on behalf of, the **owner** or operator of the uninsured auto or underinsured auto.

When a person has been paid damages by **us** under this policy and also recovers from another, the amount recovered from the other shall be held in trust for **us** and reimbursed to **us** to the extent of **our** payment, provided that the person to or on behalf of whom such payment is made is fully compensated for their **loss**.

In the event recovery has already been made from the responsible party, any rights to recovery by the person(s) claiming coverage under this policy no longer exist.

**ALL OTHER TERMS, LIMITS AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

---

Form 5701 IL (12/11)

### INDIVIDUAL NAMED INSURED ENDORSEMENT

---

Not all customers are eligible for this coverage. This endorsement applies to **your** policy only if the form number appears on **your declarations page**. In no event will this coverage apply if the named insured is a corporation, partnership, organization or any other entity that is not a natural person.

This endorsement changes **your** policy. Please read it carefully.

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply.

## ADDITIONAL DEFINITIONS USED IN THIS ENDORSEMENT

As used in this endorsement:

1. "**You**" and "**yours**" include **your** spouse or partner in a civil union, if a resident of the same household, except for notice of cancellation.
2. "**Private passenger type**" means a **private passenger auto** and includes any **insured auto you** own of the pickup or van type not used for business purposes, other than farming or ranching.
3. "**Non-owned auto**" means any **private passenger type auto**, pickup, van, or **trailer** not owned by or furnished or available for the regular use of **you** or any **relative**, while it is in the custody of or being operated by **you** or any **relative**.

## CHANGES IN PART I - LIABILITY TO OTHERS

A. If **you** are an individual, Exclusion 6 does not apply to **bodily injury** to **your** or any **relative's** fellow employees.
B. If any **auto you** own of the **private passenger type** is an **insured auto** under Part I - Liability To Others:
   1. **Relatives** are **insureds** for any **insured auto you** own of the **private passenger type**, and any other **auto** described in paragraph B.2. of this endorsement.
   2. Any **auto you** do not own is an **insured auto** while being used by **you** or by any **relative** except:
      a. Any **auto** owned by any **relative**.
      b. Any **auto** furnished or available for **your** or any **relative's** regular use, including any **auto** rented for a period of more than 30 days.
      c. Any **auto** used by **you** or by any of **your relatives** while working in a business of selling, servicing, repairing, or parking **autos**.
      d. Any **auto** other than an **auto** of the **private passenger type** used by **you** or any of **your relatives** while working in any business or occupation.
   3. Exclusion 10 does not apply to any **insured auto** of the **private passenger type**.

## CHANGES IN PART II - DAMAGE TO YOUR AUTO

While any **auto you** own of the **private passenger type** is an **insured auto** under Part II - Damage To Your Auto, a **non-owned auto** will also be considered an **insured auto**. However, the most **we** will pay for **loss** to a **non-owned auto** that is a **trailer** is $500.

## ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THIS POLICY REMAIN UNCHANGED.

47

Form Z228 (01/11)

## MOBILE EQUIPMENT AS INSURED AUTOS ENDORSEMENT

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply.

**We** agree with **you** that the insurance provided under **your** Commercial Auto Policy is modified as follows:

### PART I - LIABILITY TO OTHERS

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY** is modified as follows:

B.   When used in PART I - LIABILITY TO OTHERS, **insured auto** also includes:
1.   **Trailers**, designed primarily for travel on public roads, while connected to **your insured auto** that is a power unit;
2.   **Mobile equipment** while being carried or towed by an **insured auto**;
3.   Any **temporary substitute auto**; and
4.   Any **mobile equipment** owned by **you**, or if **you** have purchased Hired Auto or Non-owned Auto coverage, leased or hired by **you**, when subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged. This does not change the effect of exclusion 13 concerning the operation of **mobile equipment**.

### MEDICAL PAYMENTS COVERAGE

If **you** pay the premium for Medical Payments Coverage, that endorsement is modified as follows:

### ADDITIONAL DEFINITIONS

The definition of "**Insured**" is deleted and replaced by:
   "**Insured**" means:
   a.   if the named insured shown on the **Declarations Page** is a natural person:
      (i)   **you** while **occupying** any **auto**, other than an **auto owned** by **you** which is not an **insured auto**;
      (ii)   a **relative** while **occupying** an **insured auto**, **temporary substitute auto**, or **non-owned auto**;
      (iii)   **you** or any **relative** when struck by a land motor vehicle of any type, or a **trailer**, while not **occupying** a motor vehicle; and
      (iv)   any other person while **occupying** an **insured auto**, **temporary substitute auto**, or a **trailer** while attached to an **insured auto**; or

48

    b.   if the named insured shown on the **Declarations Page** is a corporation, part-nership, organization or any other entity that is not a natural person, any person **occupying your insured auto**, **temporary substitute auto**, or a **trailer** while attached to an **insured auto**.

For purposes of this definition, **insured auto** includes **mobile equipment owned** by **you**, or if **you** have purchased Hired Auto or Non-owned Auto coverage, leased or hired by **you**, when it is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged.

## UNINSURED MOTORIST AND UNDERINSURED MOTORIST COVERAGES

If **you** pay the premium for Uninsured Motorist Coverage and/or Underinsured Motorist Coverage, that endorsement is modified as follows:

## ADDITIONAL DEFINITIONS

The definition of "**Insured**" is deleted and replaced by:

"**Insured**" means:

    a.   if the named insured shown on the **Declarations Page** is a natural person:

        (i)    **you** or a **relative**;

        (ii)   any person **occupying your insured auto** or a **temporary substitute auto**; and

        (iii)  any person who is entitled to recover damages covered by this endorsement because of **bodily injury** sustained by a person described in (i) or (ii) above; or

    b.   if the named insured shown on the **Declarations Page** is a corporation, part-nership, organization or any other entity that is not a natural person:

        (i)    any person **occupying your insured auto** or a **temporary substitute auto**; and

        (ii)   any person who is entitled to recover damages covered by this endorsement because of **bodily injury** sustained by a person described in (i) above.

For purposes of this definition, **insured auto** includes **mobile equipment owned** by **you**, or if **you** have purchased Hired Auto or Non-owned Auto coverage, leased or hired by **you**, when it is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged.

## ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.

Form Z438 IL (08/14)

## GARAGE OPERATIONS PHYSICAL DAMAGE LEGAL LIABILITY COVERAGE AND LIMITED GARAGE LIABILITY (TOWING ONLY) COVERAGE ENDORSEMENT

This endorsement modifies **your** Commercial Auto Policy. Except as specifically modified by this endorsement, all provisions of the Commercial Auto Policy apply.

THIS ENDORSEMENT APPLIES ON A LEGAL LIABILITY BASIS UNLESS ONE OF THE DIRECT COVERAGE OPTIONS LISTED BELOW IS SHOWN ON **YOUR DECLARATIONS PAGE**.

### DIRECT COVERAGE OPTIONS

**Direct Excess Insurance.** If this "Direct Excess" option is shown on **your declarations page**, the On-Hook Towing Physical Damage Legal Liability and Garagekeepers Storage Location Physical Damage Legal Liability coverages provided by this endorsement are modified to apply without regard to **your** or any other **insured's** legal liability for **loss** to a **customer's auto** or **towed property**, and is excess over any other collectible insurance regardless of whether the other insurance covers **your** or any other **insured's** interest or the interest of the owner of the **customer's auto** or **towed property**.

**Direct Primary Insurance.** If this "Direct Primary" option is shown on **your declarations page**, the On-Hook Towing Physical Damage Legal Liability and Garagekeepers Storage Location Physical Damage Legal Liability coverages provided by this endorsement are modified to apply without regard to **your** or any other **insured's** legal liability for **loss** to a **customer's auto**, or **towed property**, and is primary insurance.

### INSURING AGREEMENT - ON-HOOK TOWING PHYSICAL DAMAGE LEGAL LIABILITY COVERAGE

If **you** pay the premium for this On-Hook Towing Physical Damage Legal Liability coverage and it is shown on **your declarations page** as "On-Hook Legal Liability", **we** will pay all sums for which an **insured** is legally liable to pay for **property damage** for **loss** to **towed property**. **We** will pay under this coverage only if a limit of liability and a premium is shown for this coverage on the **declarations page**.

**We** will have the right and duty to defend any **insured** against a lawsuit asking for these damages. However, **we** have no duty to defend any **insured** against a lawsuit seeking damages for **loss** to which this insurance does not apply. **We** may investigate and settle any claim or lawsuit as **we** consider appropriate. **Our** duty to defend or settle ends when the limit of liability for this coverage has been exhausted by payment of judgments or settlements.

50

## INSURING AGREEMENT - GARAGEKEEPERS STORAGE LOCATION PHYSICAL DAMAGE LEGAL LIABILITY COVERAGE

If **you** pay the premium for this Garagekeepers Storage Location Physical Damage Legal Liability coverage and it is shown on **your declarations page** as "Garage-keepers Legal Liability", **we** will pay all sums for which an **insured** is legally liable to pay as **property damage** for **loss** to a **customer's auto** or **customer's auto** equipment left in the **insured's** care while the **insured** is attending, servicing, repairing, parking, or storing it in **your garage operations** under:

1. Comprehensive coverage.
   From any cause except:
   a. Collision of the **customer's auto** with another object; or
   b. Overturn of the **customer's auto**.

2. Collision coverage.
   Caused by:
   a. Collision of the **customer's auto** with another object; or
   b. Overturn of the **customer's auto**.

**We** will have the right and duty to defend any **insured** against a lawsuit asking for these damages. However, **we** have no duty to defend any **insured** against a lawsuit seeking damages for **loss** to which this insurance does not apply. **We** may investigate and settle any claim or lawsuit as **we** consider appropriate. **Our** duty to defend or settle ends when the limit of liability for this coverage has been exhausted by payment of judgments or settlements.

**We** will pay under this coverage only if a limit of liability and a premium is shown for this coverage on the **declarations page**, and only for the locations listed on **your declarations page**.

## INSURING AGREEMENT - LIMITED GARAGE LIABILITY (TOWING ONLY) COVERAGE

If you pay the premium for On-Hook Towing Physical Damage Legal Liability coverage, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an **accident** arising out of the operation of a **customer's auto** necessary to **your** on-hook towing activity. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

## ADDITIONAL DEFINITIONS

The following additional definitions apply throughout this Garage Operations Physical Damage Legal Liability coverage endorsement whenever the defined term appears in boldface type, whether in the singular, plural, or possessive:

1. "**Customer's auto**" means a customer's land motor vehicle, **trailer**, or **watercraft**, including a **customer's auto** left with **you** for service, repair, storage, or safekeeping. Customers include **your** employees and their **relatives** who pay for services performed.

2. "**Garage operations**" means the ownership, maintenance, or use of the locations shown on **your declarations page** for the purpose of a business of selling, servicing, repairing, parking, or storing **customers' autos**, and that portion of the roads or other accesses that adjoin such locations. **Garage operations** also includes all operations necessary or incidental to the performance of **garage operations**.

3. "**Insured**" means:
   a. **you**; and
   b. **your** partners (if **you** are a partnership), members (if **you** are a limited liability company), employees, directors, or shareholders, but only while acting within the scope of their duties.

4. "**Loaded in or on**" means connected to.

5. "**Towed property**" means tangible property, not owned by or registered to **you**, in transit while **loaded in or on**, or conveyed by, an **insured auto**. **Towed property** also means property when it is moved from the place where **you** accept it for movement by or onto **your insured auto** and after it is moved from **your insured auto** to the place where it is finally delivered by **you**. **Towed property** includes a towed **auto** or **watercraft**.

6. "**Watercraft**" means any craft, boat, vessel, or ship designed to transport persons or property by water.

7. "**Work you performed**" includes:
   a. Work that someone performed on **your** behalf; and
   b. The providing of, or the failure to provide, warnings or instructions.

## ADDITIONAL PAYMENTS

In addition to **our** limit of liability, **we** will pay for an **insured** under this endorsement:
1. All expenses **we** incur in the settlement of any claim or defense of any lawsuit;
2. The premium on any appeal bond or attachment bond required in any lawsuit **we** defend. **We** have no duty to purchase a bond in a principal amount exceeding **our** limit of liability, and **we** have no duty to apply for or furnish these bonds;
3. Reasonable expenses incurred by that **insured** at **our** request, including loss of earnings up to $250 per day;
4. All costs taxed against the **insured** in any lawsuit against that **insured we** defend; and

52

5. Interest accruing after entry of judgment on that part of the judgment that does not exceed **our** limit of liability. This does not apply if **we** have not been given notice of suit or the opportunity to defend an **insured**.

**Our** payment, offer in writing, or deposit in court of that part of the judgment that does not exceed **our** limit of liability ends **our** duty to pay interest that accrues after the date of **our** payment, written offer, or deposit.

**EXCLUSIONS - PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE PROVIDED.**

1. The On-Hook Towing Physical Damage Legal Liability and Garagekeepers Storage Location Physical Damage Legal Liability coverages under this endorsement do not apply to any of the following:

   a. Liability resulting from any contract or agreement by which the **insured** accepts responsibility for **loss**. This exclusion does not apply to an agreement that is an **insured contract** that was executed prior to the occurrence of any **property damage**;

   b. **Loss** due to theft or conversion caused in any way by **you** or **your** employees, partners, members, directors, or shareholders;

   c. Defective parts or materials;

   d. Faulty **work you performed**;

   e. **Loss** to any of the following:

      (i) Tape decks or other sound-reproducing equipment unless permanently installed in a **customer's auto**;

      (ii) Tapes, records, or other sound-reproducing devices designed to be used with sound-reproducing equipment;

      (iii) Sound-receiving equipment designed for use as a citizens band radio, two-way mobile radio, or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the **customer's auto** manufacturer for the installation of a radio; or

      (iv) Any device designed or used to detect speed measurement equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment;

   f. **Loss** caused by:

      (i) War, including undeclared or civil war;

      (ii) Warlike action by a military force, including any action to hinder or defend against an actual or expected attack, by any government, sovereign, or other authority using military personnel or other agents;

      (iii) Insurrection, rebellion, revolution, usurped power, or any action taken by a governmental authority to hinder or defend against any of these; or

      (iv) Nuclear reaction or radioactive contamination.

      This exclusion applies regardless of any other cause or event that contributes concurrently or in any sequence to the **loss**;

53

g.  **Loss** caused by strikes, lockouts, riots, civil commotion, or disorder; or

h.  **Loss** due to inherent vice, delay, loss of profit, loss of market, loss of market value, or loss of use.

2.  On-Hook Towing Physical Damage Legal Liability coverage does not apply to:

a.  **Loss** to tarpaulins, tools, repair equipment, or materials and equipment for loading or unloading, which are carried in or on the **insured auto**;

b.  **Loss** to any **towed property** while it is in the custody of anyone other than an **insured**;

c.  **Loss** to objects of art, including paintings and statuary;

d.  **Loss** to jewelry; precious or semi-precious stones; gold, silver, platinum, or other precious metals or alloys;

e.  **Loss** to live animals;

f.  **Loss** to papers of any kind including, but not limited to, money, securities, accounts, bills, currency, food stamps, notes, tickets, any other evidences of debt, passports, deeds, mechanical drawings, blueprints, manuscripts, or exhibits;

g.  Debris removal, including extraction of pollutants from land or water; or removal, restoration, or replacement of polluted land or water;

h.  **Loss** caused by order of any civil authority, including seizure, confiscation, destruction, or quarantine of property;

i.  **Loss** to contraband or property in the course of illegal transportation or trade;

j.  **Loss** to property caused by contamination or deterioration, including corrosion; decay; fungus; mildew; mold; rot; rust; any quality, fault, or weakness in the property that causes it to damage or destroy itself; or humidity, dampness, dryness, or changes in or extremes of temperature;

k.  **Loss** caused by or resulting from release, discharge, seepage, migration, dispersal, or escape of **pollutants**;

l.  **Loss** caused by or resulting from criminal, fraudulent, dishonest, or illegal acts committed alone or in collusion with another by an **insured**, anyone to whom **you** entrust the **towed property**, or anyone who has an interest in the property;

m.  **Loss** caused by or resulting from voluntary parting with title to or possession of any property because of any fraudulent scheme, trick, or false pretense;

n.  **Loss** caused by the explosion of explosives; or

o.  **Loss** to computers and electronic goods, including, but not limited to, computer hardware and component parts, televisions, DVD players, stereo or other sound reproduction equipment, or any other electronic equipment, antennas, and other devices used exclusively to send or receive audio, visual, or data signals, or to store or play back recorded media.

3.  Limited Bodily Injury and Property Damage Liability (Towing Only) coverage is subject to all exclusions as listed in Part I of the Commercial Auto Policy.

**LIMITS OF LIABILITY**

1.  **On-Hook Towing Physical Damage Legal Liability coverage.**
    Regardless of the number, amount, or units of **towed property** or **insured autos**,

**insureds**, premiums paid, claims made or lawsuits brought, the most **we** will pay for each **loss** is the aggregate amount of damages to all **towed property** while being **loaded in or on** or conveyed by one **insured auto**, not to exceed the limit of liability shown on the **declarations page** for this "On-Hook Legal Liability" coverage.

The most **we** will pay for **loss** to any **towed property** is the least of the following amounts:

a.   The actual cash value of the damaged or stolen property at the time of **loss**;

b.   The cost of repairing or replacing the damaged or stolen property with other of like kind and quality to the extent practicable; or

c.   An agreed or appraised value for the property. **We** may keep all or part of the property at the agreed or appraised value, but there shall be no abandonment to **us**.

2.   **Garagekeepers Storage Location Physical Damage Legal Liability coverage.**
Regardless of the number of **customer's autos** or **insured autos**, **insureds**, premiums paid, claims made or lawsuits brought, the most **we** will pay for each **loss** at each location is the "Garagekeepers Legal Liability" coverage limit shown on the **declarations page** for that location.

The most **we** will pay for a **loss** to any one **customer's auto** or all **customer's auto** equipment is the least of the following amounts:

a.   The actual cash value of the damaged or stolen property at the time of **loss**;

b.   The cost of repairing or replacing the damaged or stolen property with other of like kind and quality to the extent practicable; or

c.   An agreed or appraised value for the property. **We** may keep all or part of the property at the agreed or appraised value, but there shall be no abandonment to **us**.

If the repair or replacement results in better than like kind and quality, **we** will not pay for the amount of the betterment.

An adjustment for depreciation or physical condition will be made in determining actual cash value in the event of a total loss.

In the event of payment of actual cash value for a total loss, **we** are entitled to all salvage, or credit for salvage, resulting from such **loss**.

3.   **Limited Bodily Injury and Property Damage Liability (Towing Only) coverage.**
Regardless of the number of premiums paid, or the number of **insured autos** or trailers shown on the **declarations page**, or the number of policies issued by **us**, or the number of vehicles or **insureds** involved in an **accident**, or the number of claims or lawsuits arising out of an **accident**, **we** will pay no more than the Limit of Liability shown on the **declarations page** for Liability coverage, subject to all of the terms and conditions of Part I of the Commercial Auto Policy.

4. **Deductibles.**

For each **loss** that qualifies for coverage under the On-Hook Towing Physical Damage Legal Liability coverage or the Garagekeepers Storage Location Physical Damage Legal Liability coverage, the deductible shown on the **declarations page** will be applied. The deductible will be deducted from the amount of the **loss** payable under that coverage or the limit of liability, whichever is less. No more than one deductible will apply to any single loss event regardless of the number of **customer's autos** or **towed property** involved in the **loss**.

If **we** pay all or any part of a deductible in the settlement of any claim or lawsuit, **you** must reimburse **us** for the deductible or the portion thereof that **we** paid.

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

---

Form Z439 (02/11)

### NON-OWNED TRAILER PHYSICAL DAMAGE COVERAGE ENDORSEMENT

---

This endorsement modifies insurance provided by the Commercial Auto Policy. All terms and conditions of the policy apply unless modified by this endorsement.

Subject to the Limits of Liability, if **you** pay the premium for Non-Owned Trailer Physical Damage Coverage, **we** will pay damages for **property damage** for which **you** become legally responsible because of **loss** to a **trailer** not owned by **you**, and its equipment, while in **your** possession.

**We** will pay for a **loss** to the non-owned **trailer** and its equipment under the coverages described below, as reflected on **your declarations page**:
a. Collision Coverage. For **loss** caused by:
   (i) The **trailer's** collision with another object; or
   (ii) The **trailer's** overturn.
b. Comprehensive Coverage. From any **loss** except:
   (i) The **trailer's** collision with another object; or
   (ii) The **trailer's** overturn.

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this endorsement. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

**ADDITIONAL PAYMENTS**

In addition to **our** Limit of Liability, **we** will pay for an **insured**:

a.   all expenses **we** incur in the settlement of any claim or defense of any lawsuit;

b.   interest accruing after entry of judgment on that part of the judgment that does not exceed **our** Limit of Liability. This payment does not apply if **we** have not been given notice of suit or the opportunity to defend an **insured**.

    **Our** payment, offer in writing, or deposit in court of that part of the judgment which does not exceed **our** Limit of Liability ends **our** duty to pay interest that accrues after the date of **our** payment, written offer, or deposit;

c.   the premium on any appeal bond or attachment bond required in any lawsuit **we** defend. **We** have no duty to purchase a bond in a principal amount exceeding **our** Limit of Liability, and **we** have no duty to apply for or furnish these bonds; or

d.   reasonable expenses, including loss of earnings up to $250 a day, incurred at **our** request.

**EXCLUSIONS**

a.   **We** will not pay for **loss** caused by or resulting from any of the following. Such **loss** is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the **loss**.

    (i)   Nuclear Hazard.

        (1)   The explosion of any weapon employing atomic fission or fusion; or

        (2)   Nuclear reaction or radiation, or radioactive contamination, however caused.

    (ii)   War or Military Action

        (1)   War, including undeclared or civil war;

        (2)   Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or agents; or

        (3)   Insurrection, rebellion, revolution, usurped power or action taken by a governmental authority in hindering or defending against any of these.

b.   **We** will not pay for loss of use.

c.   **We** will not pay for **loss** caused by, or resulting from, any of the following unless caused by another **loss** that is covered by this insurance;

    (i)   Wear and tear, freezing, mechanical or electrical breakdown.

    (ii)   Blowouts, punctures, or other road damage to tires.

**LIMIT OF INSURANCE AND DEDUCTIBLE**

The most **we** will pay for **loss** to any one **trailer** is the least of the following amounts minus any applicable deductible shown on the **declarations page**:

a.   The actual cash value of the damaged or stolen property at the time of the **loss**;

b.  The amount necessary to replace the stolen or damaged property with other of like kind and quality;

c.  The amount necessary to repair the damaged property to its pre-loss condition; or

d.  The applicable Limit of Liability of the property as shown on the **declarations page**.

A single deductible will be applied to any **loss**. In the event there are different deductible amounts applicable to the **loss**, the higher deductible will be applied. In all events, the deductible will be applied against the limit of liability. If a **loss** involves another coverage added by endorsement to the policy, only one deductible will apply to the entire **loss** event.

## OTHER INSURANCE

The insurance provided for a **loss** to a non-owned trailer is primary.

If coverage under more than one policy applies on the same basis, **we** will pay only **our** proportionate share. **Our** proportionate share is the proportion that the Limit of Liability of this policy bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

## ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.

---

Form Z442 (01/08)

## ANY AUTOMOBILE LEGAL LIABILITY COVERAGE ENDORSEMENT

---

Except as specifically modified by this endorsement, all provisions of the Commercial Auto Policy apply.

**We** agree with **you** that the insurance provided under **your** Commercial Auto Policy is modified as follows:

## CHANGES TO PART I - LIABILITY TO OTHERS

A.  The following section is added to the Insuring Agreement:

If **you** pay the premium for this Any Automobile Legal Liability Coverage, then the definition of "**insured auto**" includes:

1.  any **auto**, if **you** are a partnership, corporation, or any other entity that is not a natural person; or

2.  any **auto** while used in **your** business, if **you** are a natural person or sole-proprietorship.

For any type of **auto** that **you** acquire during the current policy period, coverage will be extended to that **auto** during the remainder of the policy period.

58

B.   The first paragraph under the Limit Of Liability section is deleted and replaced by the following:

Regardless of the number of premiums paid, or the number of **insured autos** or **trailers**, or the number of policies issued by **us**, or the number of vehicles or **insureds** involved in an **accident**, or the number of claims or lawsuits arising out of an **accident**, **we** will pay no more than the limit of liability shown on the **declarations page** for the coverage provided by this endorsement.

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THIS POLICY REMAIN UNCHANGED.**

59





1781 IL 0515



**Artisan Exhibit 1C - Page 68**