UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTISAN AND TRUCKERS CASUALTY CO., <br><br> Plaintiff, <br><br> v. <br><br> THE BURLINGTON INSURANCE COMPANY, SOUTHERN TRUSS, INC., DOUGLAS FORREST, GAYLON CRUSE, individually and doing business as CRUSE CONSTRUCTION COMPANY, and MARK DUCKWORTH., <br><br> Defendants. <br><br> THE BURLINGTON INSURANCE COMPANY., <br><br> Defendant/Counter/Cross-Plaintiff, <br><br> v. <br><br> ARTISAN AND TRUCKERS CASUALTY CO, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> SOUTHERN TRUSS, INC., DOUGLAS FORREST, GAYLON CRUSE, individually and doing business as CRUSE CONSTRUCTION COMPANY, and MARK DUCKWORTH <br><br> Cross-Defendants. | Case No. 3:21-cv-497-JPG |

**MEMORANDUM AND ORDER**

I.    **Introduction**

This matter comes before the Court on Defendant/Counter/Cross-Plaintiff Burlington Insurance Company ("TBIC") Motion for Judgment on the Pleadings (Doc. 49) and Artisan and Truckers Casualty Co. ("Artisan") Motion for Judgment on the Pleadings (Doc. 54).

II.   **Background**

This is a complaint for declaratory judgment, filed on May 18, 2021 (Doc. 1). Plaintiff Artisan filed this action to seek a declaration that it owes no duty to defend or indemnify "Southern Truss, Inc. ("Southern Truss"), Douglas Forrest ("Forrest"), Cruse Construction Company ("Cruse Construction"), or any other person or entity pursuant to an insurance contract for bodily harms brought by Gaylon Cruse ("Cruse") and Mark Duckworth ("Duckworth"). TBIC issued a general liability policy to Southern Truss. Additionally, Artisan issued a commercial automobile policy to Southern Truss.

On May 5, 2020, Cruse and Duckworth, employees of Cruse Construction, were installing roof trusses at Rusty's Home Center. Compl at ¶ 11-13. During the process of cabling down to unhook from the truss and while using a truck equipped with an attached power crane, Gaylon Cruse and Mark Duckworth were knocked to the ground and injured. The truck was a 2007 Intl 760 with attached crane equipment. Southern Truss was the owner of the truck. Forrest was operating the power crane used to lift roof trusses into the position for installation. Cruse and Duckworth filed a complaint including construction liability, specifically regarding the negligent design of the trusses, negligent hiring and training of construction personnel, negligent supervision of personnel working at the jobsite, and the negligent use of equipment to perform the construction. (Doc. 34, Ex. B. at ¶ 24).[1]

---

[1] The underlying lawsuit is styled Cruse, *et al*. v. Southern Truss, Inc., *et al*. Case No. 2021L17. *See* Doc. 34, Ex. B.

### A. TBIC Policy definitions and exclusions

According to TBIC, the insurance company which issued a general policy to Southern Truss, excludes coverage for "autos." TBIC defines the "auto" exclusion in section C below:

> C. This insurance does not apply to:
>
>> g. Aircraft, Auto Or Watercraft, Including Unmanned Aircraft or Unmanned Aerial Vehicle
>>
>>> (2) Manned Aircraft or Manned Aerial Vehicle, Auto or Watercraft
>>>
>>> "Bodily injury", "property damage" or "damages" arising out of the ownership, maintenance, use or entrustment to others of any aircraft that is a "manned aircraft or manned aerial vehicle", "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."
>>>
>>> This Paragraph g.(2) applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury", "property damage" or "damages" involved the ownership, maintenance, use or entrustment to others of any aircraft that is a manned aircraft or manned aerial vehicle", "auto" or watercraft that is owned or operated by or rented or loaned to any insured.
>
>> This Paragraph g.(2) **does not apply** to:
>
>>> ***
>
>>> (e) "Bodily injury" or "property damage" arising out of:
>>> (i) The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where is it is licensed or principally garaged; or
>>>
>>> (ii) The operation of any of the machinery or equipment listed in Paragraph f.(2) or f.(3) of the definition of "mobile equipment."

According to TBIC policy, "auto," is defined as:

> a.   A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or
> b.   Any other land vehicle that is subject to a compulsory or financial

responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

TBIC policy states that "auto" does not include "mobile equipment." The policy includes a list of what qualifies as "mobile equipment" in Section V (Definitions).

However, "mobile equipment" does not include any land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

**B.  Artisan Policy definitions and exclusions**

According to Artisan, an "auto" is defined as:

**Auto**" means a land motor vehicle or trailer designed for travel on public roads, or any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged. It does not include mobile equipment. Self-propelled vehicles with the following types of permanently attached equipment are autos, not mobile equipment:
    a. equipment designed and used primarily for:
        (i) snow removal;
        (ii) road maintenance, but not construction or resurfacing;
        (iii) street cleaning;
b. cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and
c. air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well-servicing equipment.

Additionally, Artisan states an "**insured auto**" means: "a. Any auto specifically described on the declarations page." Artisan expressly listed the 2007 Intl 760 truck in its declaration, with its attached crane ("including Permanently Attached Equip."), as a covered auto in the declarations page and collected a higher premium to insure the truck/crane combination.

**Mobile equipment** includes, items such as "bulldozers, farm implements…," "[v]ehicles you use solely on premises you own or rent and on accesses to public roads from these premises, unless specifically described on the declarations page and not defined as mobile equipment under

other parts of this definition," and others.

Additionally, according to Artisan, there is an *exclusion* of the Artisan policy of bodily injury arising out of the operation of equipment. That provision is reproduced below:

> 13. Operations
> Bodily injury, property damage, or covered pollution cost or expense arising out of the operation of:
> > a. any equipment listed in Paragraphs b. and c. of the definition of auto; or
> > b. machinery or equipment that is on, attached to, or part of, a land vehicle that would qualify under the definition of mobile equipment if it were not subject to a compulsory or financial responsibility law where it is licensed or principally garaged.

In the complaint for declaratory judgment, Artisan seeks declaration it has no duty to defend or indemnify Southern Truss or Forrest for the accident and TBIC has the sole duty to defend and indemnify Southern Truss. Artisan premised this assertion on the definition of "auto" and "mobile equipment" in the Artisan policy. Specifically, Artisan states that it has no duty to defend or indemnify Southern Truss or Forrest because the truck and power crane are *not* an "auto" under the Artisan policy.

TBIC filed a three-count counter and cross claim for declaratory judgment (Doc. 34). TBIC stated that it also has no duty to defend or indemnify Southern Truss or Forrest because the truck with the attached power crane is an "auto" and subject to the auto exclusion in the TBIC policy. Cruse, Duckworth, Southern Truss, and Forrest filed answers to Artisan's complaint and TBIC's cross claim. (Doc. 41, 43). Artisan answered the counterclaim on September 17, 2021 (Doc. 44).

TBIC now moves for a judgment on the pleadings and argues the crane/truck combination is an "auto" and the auto exclusion applies (Doc. 48). Southern Truss and Forrest responded to that motion arguing that both policies owe a duty to defend/indemnify this case (Doc. 50). Additionally, Artisan responded and opposed TBIC's motion (Doc. 53). Cruse, Duckworth, and Cruse Construction also responded to the motion (Doc. 55). TBIC filed their reply. (Doc. 60).

Artisan also motioned for judgment on the pleadings and argues the crane/truck combination is not an "auto" and therefore TBIC and not Artisan has a duty to defend (Doc. 54). TBIC opposed the motion (Doc. 62). Cruse, Duckworth, and Cruse Construction also opposed the motion (Doc. 63). Artisan filed a reply at Doc. 64.

### III.    Law and Analysis

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed. "Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party ... is entitled to judgment as a matter of law." *Unite Here Local 1 v. Hyatt Corp*., 862 F.3d 588, 595 (7th Cir. 2017). A district court is confined to matters in the pleadings and must consider the pleadings in the light most favorable to the non-moving party. *Id*. Pleadings include "the complaint, the answer, and any accompanying written instruments attached as exhibits." *Rube v. PartnerRe Ireland Ins. DAC*, 470 F. Supp. 3d 829, 943 (N.D. Ill. 2020) (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998)). The Court accepts all well-pleaded allegations in the non-moving party's pleading as true and draws all inferences in favor of the non-movant. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

In diversity cases, such as this one, federal courts apply state substantive law. *Nat'l Am. Ins. Co. v. Artisan & Truckers Cas. Co*., 796 F.3d 717, 723 (7th Cir. 2015). Issues regarding the interpretation of an insurance policy are substantive. *Id*. Because neither party disputes that Illinois substantive law applies, the Court applies Illinois law. *See Med. Protective Co. of Fort Wayne, Ind. V. Am. Int'l Specialty Lines Ins. Co*., 911 F.3d 438, 445 (7th Cir. 2018) ("When sitting in diversity, we apply state substantive law. We will not address a conflict of law issue unless there is a dispute as to which state's law applies. If neither party disputes the issue, we will apply the

law of the state in which the federal court sits.") (internal citations omitted).

In interpreting an insurance policy, the Court must attempt to effectuate the parties' intention as expressed by the policy. *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 223 Ill.2d 352, 307 Ill.Dec. 653, 860 N.E.2d 307, 314 (2006). If the policy is unambiguous, the Court must construe it according to the plain and ordinary meaning of its terms. *Id*. On the other hand, if the policy is ambiguous, the Court must construe all ambiguities in favor of the insured and against the insurer, who drafted the policy. *Id*. "[I]f the terms of the policy are susceptible to more than one meaning, they are considered ambiguous and will be construed strictly against the insurer who drafted the policy." *Pekin Ins. Co. v. Wilson*, 930 N.E.2d 1011, 1017 (Ill. 2010) (internal quotation and citation omitted). However, a policy provision is not ambiguous solely because the parties disagree about its interpretation. *Founders Ins. Co. v. Munoz*, 930 N.E. 2d 999, 1004 (Ill. 2010). The Court must give the policy and the complaint a liberal construction in favor of the insured. *Country Mut. Ins. Co. v. Carr*, 372 Ill.App.3d 335, 311 Ill.Dec. 171, 867 N.E.2d 1157, 1160 (2007). Generally, the insured bears the burden of proving the claim is covered under a policy's grant of coverage, and the insurer bears the burden of proving an exclusion applies. *Addison Ins. Co. v. Fay*, 232 Ill.2d 446, 328 Ill.Dec. 858, 905 N.E.2d 747, 752 (2009).

TBIC argues it is entitled to judgment on the pleadings on Counts I and Count II of its counter/cross-claim and Count I of Artisan's complaint because the truck "with the permanently attached power crane" ("crane truck") is not "mobile equipment" as the term is defined under the Artisan and TBIC policies (Doc. 49 at 11). Thus, TBIC argues the crane truck is an "auto" and therefore liability out of its use is excluded under the TBIC policy auto exclusion. It argues Artisan has the sole duty to defend and indemnify under the auto policy. Southern Truss and Forrest, as well as Cruse and Duckworth, respond separately (Doc. 50 and 55) and argue that Artisan, TBIC

or both have coverage and owe indemnifying obligations for damages awarded to Cruse and Duckworth. They argue that they would like to avoid the "absurd result that there would be no coverage from either Artisan or TBIC." *Id*.

TBIC believes the question before the Court is whether or not the truck crane is an "auto" or "mobile equipment." TBIC argues the respective definitions of "auto" in TBIC policy and Artisan policy are analogous and demonstrate that the crane truck is an "auto." Artisan argues that the issue is not whether or not the crane truck qualifies as an "auto" or "mobile equipment." The issue as Artisan sees it is whether the tort action alleges liability from the *use* of an auto and which policy covers the *use* of the crane.

The Court will take each policy in turn, beginning with the TBIC policy, and determine its policy coverage to the underlying complaint. TBIC argues that the crane truck is an "auto" and therefore subject to the exclusion from its general liability policy. TBIC argues that the crane truck is an "auto" by stating it is a "land vehicle that is subject to compulsory financial responsibility laws where it is principally garaged." (Doc. 49 at 15). It states that because the crane truck is an "auto" and the underlying suit where Cruse and Duckworth were injured arise out of use of the crane truck, the auto exclusion from the TBIC policy applies. *Id*. at 15-16. The other parties, including Cruse and Duckworth, as well as Artisan, argue that TBIC misses the final step, which allows for an exception to the auto exclusion.

Specifically, per the TBIC policy, there are five exceptions where the auto exclusion does not apply. One of those exclusions states, "[t]his insurance does not apply to… "Bodily injury" … arising out of the … use … of any …"auto". (Doc. 34 at ¶¶ 78-79). However, the paragraph goes on to state "This paragraph g.(2) does not apply to: (e) "Bodily injury" … arising out of: (i) The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify

under the definition of 'mobile equipment' if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where is it is licensed or principally garaged." *Id*. Here, the pleadings demonstrate Cruse and Duckworth suffered bodily injury and that bodily injury arose from the operation of the cruse truck. Additionally, the pleadings demonstrate that the crane was attached to the truck. Additionally, TBIC acknowledges the crane attached to the truck was being "used to lift roof trusses at the construction site." (Doc. 49 at 3).

Next, for the exception to apply, the Court must determine whether the crane truck, if not subject to a compulsory or financial responsibility law or other vehicle insurance law, would qualify as "mobile equipment." In other words, as Artisan puts it, if the crane truck were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where is it is licensed or principally garaged, would the truck qualify as "mobile equipment"? The Court believes the answer is yes. In particular, the Court finds this persuasive because TBIC argues that the truck crane qualifies as an "auto" precisely "*because* it is a land vehicle that is subject to compulsory financial responsibility laws where it is principally garaged." (Doc. 49 at 15) (emphasis added). Therefore, if it were not subject to compulsory financial responsibility, the truck crane would qualify as "mobile equipment." Additionally, the parties Cruse and Duckworth, Artisan, and TBIC, through their pleadings, agree that the crane truck was subject to compulsory or financial responsibility law. (Doc. 41 at ¶ 20; Doc. 43 at 20; Doc. 49 at 9). The Court does not find this provision ambiguous, but to the extent that there is any ambiguity in this exclusion provision, the Court must construe it strictly against the insurer and liberally in favor of the insured. *Country Mut. Ins. Co. v. Oehler's Home Care, Inc*., 2019 IL App (4th) 190080, ¶ 59, 160 N.E.3d 977, 986 ("Any ambiguities or provisions that limit or exclude coverage are construed strictly against the insurer who drafted the policy and liberally in favor of the insured.").

For these reasons, the Court finds that the "auto" exclusion in TBIC policy does not apply, the exception to the "auto exclusion" does apply, and the TBIC policy provides coverage for the claims in the underlying lawsuit.

Next, the Court reviews the Artisan policy. TBIC argues that there is an inherent conflict with the Artisan definition of "auto." First, TBIC argues that Artisan policy expressly defines "insured auto" as "any auto specifically described on the declarations page" and charged a premium. On the other hand, Artisan argues that Artisan policy purports to exclude coverage that arises out of "mobile equipment." (Doc. 49 at 12-13). TBIC argues there is an ambiguity.

Artisan counters and argues that it does not disagree that the 2007 Intl 760 is an "auto" because it is a "land motor vehicle that is designed for travel on public roads, and is subject to a compulsory or financial responsibility law or other motor vehicle law in the state where it is licensed or principally garaged" according to Artisan's definition of "auto." (Doc. 53 at 3). It also agrees that it is listed in Artisan's declarations. However, Artisan argues that it was not "used as a truck on the road at the time of the accident" and the crane is not covered by the Artisan policy. *Id*. In sum, Artisan argues that the "operations" exclusion applies because "to the extent auto negligence is alleged…liability coverage is excluded pursuant to an operations exclusion." (Doc. 53 at 4).

The Court finds that there is a conflict within Artisan's policy. In particular, the fact that Artisan charged a higher premium for the crane truck *and* included it in its declaration[2] demonstrates a conflict with its "operations" exclusion. Such a conflict is an ambiguity the Court

---

[2] Under Illinois law, provisions in declarations of insurance contract may provide evidence of party intent to limit insurance policy's scope because declarations page—which lists types of coverage provided and policy limits and premiums for each—is part of insurance contract, and contracts must be construed in way that gives effect to every provision; insurance policy's declarations page cannot be interpreted in isolation because it is but one piece of insuring agreement and cannot address every conceivable coverage issue. Ohio Security Insurance Company v. Truck Tire Sales, Inc., 2019 WL 6327367 (N.D. Ill. 2019).

must construe in favor of the insured. *Panfil v. Nautilus Ins. Co.*, 799 F.3d 716, 721 (7th Cir. 2015) ("The two provisions conflict, so there is an ambiguity which is resolved in favor of JRJ."). When policy language is susceptible to more than one reasonable meaning, it is considered ambiguous and will be construed against the insurer. *Id*. *Gillen v. State Farm Mut. Auto. Ins. Co.*, 215 Ill.2d 381, 294 Ill.Dec. 163, 830 N.E.2d 575, 582 (2005). Thus, the Court finds the conflict between the declarations[3] and definition of "insured auto" creates an ambiguity that the Court must resolve in favor of finding that Artisan policy provides coverage for the claims in the underlying lawsuit.

TBIC argues that if the Court determines coverage by both insurers, its excess insurance provision proclaims it would have no duty in excess. The relevant provision from TBIC policy is reproduced below:

> (1) This insurance is excess over:
>> (a) Any of the other insurance, whether primary, excess, contingent or an any other basis:
>>> (iv) if the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of Section I-Coverage A-Bodily Injury and Property Damage Liability.
>
> (2) When this insurance is excess, we will have no duty to under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

Artisan replies and states that this argument is improperly made in an answer to Artisan's motion for judgment on the pleadings. (Doc. 64 at 1). TBIC dedicates a small portion of its response to this argument. The Court agrees that this argument is properly made in TBIC's own motion and not in a response to Artisan's motion. Artisan responds and argues that TBIC's excess

---

[3] The Court also notes that a "use" exclusion should be interpreted in favor of the insured when it appears as an exclusion. *Atain Specialty Ins. Co. v. Greer*, 182 F. Supp. 3d 873, 877 (S.D. Ill. 2016) ("As a preliminary matter, the phrase "arising out of or in connection with" is extremely broad, although the Court should give it the most limited interpretation possible in favor of the insured when it appears in an exclusion"). Thus, even if there were no conflict, the Court would have to find a "use" exclusion in favor of coverage for the insured.

provision argument presupposes both policies will provide coverage, which the Court has already determined that both policies do. *Id*. This argument is inapplicable. Third, Artisan argues that the provision only cites to negligence from "use of the crane" and not other tort allegations that the underlying complaint alleges such as "faulty design of the trusses and faulty braces of the trusses during the construction process." *Id*. at 2. To the extent this argument this argument has been briefed, the Court agrees. The Cruse and Duckworth Complaint alleges other bases of negligence, specifically faulty design of the trusses, negligent hiring and training of construction personnel, negligent supervision of personnel working at the jobsite, and the negligent use of equipment to perform the construction. (Doc. 34, Ex. B. at ¶ 24). Thus, the Court finds the excess provision is inapplicable because the allegations in the original complaint do not arise out of use of the auto but from other allegations of negligence.

## IV.  Conclusion

The Court finds that based on the pleadings both TBIC and Artisan have a duty to defend the underlying lawsuit styled *Cruse, et al. v. Southern Truss, Inc., et al*. Case No. 2021L17 and the parties should share the costs of defending and indemnifying the lawsuit.

The Court hereby **DENIES** TBIC's Motion for Judgment on the Pleadings (Doc. 48) and **DENIES** Artisan's Motion for Judgment on the Pleadings (Doc. 54).

**IT IS SO ORDERED.**
**DATED:  June 23, 2022**

/s/  J. Phil Gilbert
J. PHIL GILBERT
U.S. DISTRICT JUDGE
