UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTISAN AND TRUCKERS CASUALTY CO., <br><br> Plaintiff, <br><br> v. <br><br> THE BURLINGTON INSURANCE COMPANY, SOUTHERN TRUSS, INC., DOUGLAS FORREST, GAYLON CRUSE, individually and doing business as CRUSE CONSTRUCTION COMPANY, and MARK DUCKWORTH., <br><br> Defendants. <br><br> THE BURLINGTON INSURANCE COMPANY., <br><br> Defendant/Counter/Cross-Plaintiff, <br><br> v. <br><br> ARTISAN AND TRUCKERS CASUALTY CO, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> SOUTHERN TRUSS, INC., DOUGLAS FORREST, GAYLON CRUSE, individually and doing business as CRUSE CONSTRUCTION COMPANY, and MARK DUCKWORTH <br><br> Cross-Defendants. | Case No. 3:21-cv-497-JPG |

**<u>MEMORANDUM AND ORDER</u>**

## I. Introduction

This matter comes before the Court on The Burlington Insurance Company ("TBIC") Motion to Reconsider (Doc. 69). TBIC requests to alter or amend under Fed. R. Civ. P. 54(b) or under Fed. R. Civ. P. 59(e) this Court's Memorandum and Order denying TBIC and Artisan and Truckers Company ("Artisan") Motion for Judgment on the Pleadings and finding there was a concurrent duty to defend (Doc. 68).

## II. Background

This is a complaint for declaratory judgment. Both TBIC and Artisan filed for a motion for judgment on the pleadings. This Court denied both motions in a Memorandum and Order dated June 24, 2022, and held that TBIC and Artisan had a concurrent duty to defend the underlying action filed in June 2021 in Saline County, Illinois[1]. (Doc. 68). The underlying action in Saline County is currently set for trial on February 13, 2023. *See* Saline County, Illinois Case Search, https://www.judici.com/courts/cases/case_information.jsp?court=IL083015J&ocl= IL083015J,2021L17,IL083015JL2021L17P2 (last visited July 22, 2022).

Artisan filed a Notice of Appeal to appeal the memorandum and order finding Artisan had a duty to defend and denying Artisan's Motion for Judgement on the Pleadings (Doc. 73).

## III. Law & Analysis

### a. Show Cause

The Seventh Circuit Court of Appeals has instructed district courts that when a duty to indemnify is not ripe, it should dismiss the case, and not issue a stay. "The district court was aware that the duty-to-indemnify claim was not ripe, but rather than dismiss that aspect of the case, it included it in the stay that was issued. The proper disposition, however, would have been to

---

[1] *Gaylon Cruse and Mark Duckworth v. Southern Truss, Inc., and Douglas Forrest*, Case No. 2021L17, In the Circuit Court of Saline County, Illinois (filed June 3, 2021). The underlying complaint can be found at Doc. 34 at 82-88.

dismiss." *See Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995); *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 375 (7th Cir. 2010). From the case docket in the underlying action in Saline County, this case has not yet reached a judgment on the facts or law or reached a settlement. A decision on indemnification usually requires that the insured be legally liable for some amount of money and is dependent on the ultimate facts adjudicated at trial. *See Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003). Here, the ultimate facts of the underlying action in state court, as well as the underlying liability, has yet to be decided. Thus, the duty to indemnify claim is not yet ripe.

The Court hereby orders the parties to **SHOW CAUSE** as to why this Court should not dismiss the rest of this case in light of this circuit's directive to dismiss a case where the indemnification claim was not ripe.

    b. Rule 54(b)

TBIC moves under Rule 54(b) "to the extent that the Court's ruling on the defense obligation is interlocutory since the separate duty to indemnify is not justiciable until the underlying tort case is reduced to settlement or judgment." (Doc. 70 at 3).

Rule 54(b) permits a federal court to "direct entry of a final judgment as to one or more, but fewer than all, claims" when the court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). But the rule does not provide an open invitation for the district court to certify a ruling for interlocutory appeal. *Rankins v. Sys. Sols. of Kentucky, LLC*, No. 21-2505, 2022 WL 2662141, at *2 (7th Cir. July 11, 2022) (internal citations omitted).

The Seventh Circuit Court of Appeals states two requirements must be met before permitting a final judgment under Rule 54(b). First, a district court's order must be "truly a final judgment." *Id*. (citing *Peerless Network, Inc. v. MCI Comms. Servs*., Inc., 917 F.3d 538, 543 (7th

Cir. 2019). The Court looks at the "degree of overlap between the certified claim and all other parts of the case that are still pending in the district court." *Rankins*, No. 21-2505, 2022 WL 2662141, at *2. Second, the Court must consider whether there is no just reason to delay the appeal of the adjudicated claim. *Rankins*, No. 21-2505, 2022 WL 2662141, at *2. Such considerations are important to avoid "piece-meal appeals" that "tend to undermine judicial efficiency." *Id*. However, in light of the Seventh Circuit Court of Appeals directive to dismiss cases where an un-ripe indemnification claim persists, this Court must set forth the procedural posture of this case. Illuminating on the procedural posture and issues to be decided provide a just reason in light of the fact both parties have indicated their intent to appeal the Court's decision.

For the reasons set forth above and to clarify the procedural posture of the case, the Court **DENIES** the request for a Rule 54(b) judgment at this time.

### c. Rule 59(e) Motion to Reconsider

The Court finds that its Memorandum and Order (Doc. 68) denying TBIC and Artisan's Cross Motion for Judgment on the Pleadings was not a final order disposing of all issues in this case. Specifically, the issue of indemnification is still pending because indemnification cannot be decided upon until the underlying action is reduced to settlement or judgment. To the extent anything in the Court's previous order (Doc. 68) made a determination on indemnification, that is incorrect. The indemnification issue is still pending.

A motion designated as one for reconsideration should be considered as a motion to alter or amend the *judgment* if it is timely filed. *Kunik v. Racine County, Wis*., 106 F.3d 168, 173 (7th Cir. 1997). No judgment was entered, and therefore a Rule 59(e) is improper at this stage.

However, based on the "law of the case" doctrine, this Court has authority "to reconsider a previous ruling in the same litigation" and is authorized to do so "if there is a compelling reason,

such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006). That said, a motion to reconsider is not an appropriate vehicle to "advance arguments already rejected by the Court or new legal theories not argued before the ruling[.]" *Schilke v. Wachovia Mortg.*, FSB, 758 F. Supp. 2d 549, 554 (N.D. Ill. 2010), aff'd on other grounds sub nom. *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601 (7th Cir. 2013) (internal quotation marks and citation omitted). Under the "law of the case" doctrine, the Court will evaluate TBIC's motion to amend or correct this Court's previous ruling.

TBIC policy extends general liability coverage. TBIC's motion requests the Court find that a "plain reading of the other insurance provision evinces an intent to provide excess coverage for liability that is otherwise not excluded under the auto exclusion." (Doc. 70 at 4). TBIC disagrees that the Court agreed instead with Artisan that the provision "references negligence from use of the crane and not other allegations of negligence." *Id*. at 5; (Doc. 68 at 12). First, TBIC argues that Artisan's argument was raised in a reply brief in support of its own motion. However, Artisan's only chance to respond to the argument as TBIC first brought up the excess coverage issue in its response to Artisan's motion. (Doc. 68 at 11-12). TBIC advanced no argument of excess coverage in support of its *own* motion for judgment on the pleadings. However, even if the argument was brought in a response to Artisan's motion, the Court still considered and rejected that it applied. The Court found the provision in TBIC's excess coverage policy only cites to negligent "use of the crane" and the underlying complaint alleged other bases of negligence including faulty design of the trusses, negligence hiring and training of the construction personnel, and others. (Doc. 68 at 12). The Court does not consider this argument as a compelling reason or change in law or facts for the Court to overrule its previous decision.

TBIC cites *Northbrook Prop. & Cas. Co. v. Transp. Joint Agreement*, 194 Ill. 2d 96, 741

N.E.2d 253 (2000), in support of its argument that the underlying negligence case is covered by the excess coverage provision. However, *Northbrook* found inadequate planning and inspection or failure to warn bus drivers were "nothing more than rephrasings of the fact students' injuries arose from the school districts' use or operation of the motor vehicle." *Id*. However, here the underlying complaint made allegations of construction liability, negligent design, and negligent hiring and retention of the personnel working at the jobsite. As stated in TBIC's motion to reconsider, the excess coverage provision stated it would not cover excess coverage "if the loss arises out of the maintenance or use of aircraft, "autos" or watercraft." (Doc. 70 at 4); *cf Transamerica Insurance Group v. Turner Construction Co.*, 33 Mass.App.Ct. 446, 601 N.E.2d 473 (1992) ("for all claims arising out of or occurring in connection with the execution of the Work"). TBIC also cites *Nautilus Ins. Co. v. 1452-4 N. Milwaukee Ave., LLC*, 562 F.3d 818 (7th Cir. 2009), in support of its argument. Here, *Nautilus* is inapplicable as it discusses the allegations of damage which falls within the terms of the contractor-subcontractor exclusion. *Id*. at 823.

TBIC provides this Court no reason why these arguments (or these cases) could not have been supplied to the Court in its initial motion for judgment on the pleadings. However, even if those arguments are improperly made in a response brief[2], the Court considered them in its previous order and denied it. (Doc. 68 at 12). These arguments are improperly made in a motion for reconsideration.

Next, TBIC argues the Court erred in finding TBIC has a concurrent duty to defend, which defies the plain language of the exclusion. (Doc. 70 at 7). The Court properly evaluated this argument, and based on the language of the TBIC policy provision, the "auto" exclusion in TBIC does not apply, and the exception to the "auto" exclusion does apply. (Doc. 68 at 10). Additionally,

---

[2] *Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998) ("If the sufficiency argument was not made in Wright's initial brief to this court, it should have been considered waived).

as is settled caselaw, to the extent there are any ambiguities, the Court must construe it strictly against the insurer and liberally in favor of the insured. *Country Mut. Ins. Co. v. Oehler's Home Care, Inc.*, 2019 IL App (4th) 190080, ¶ 59, 160 N.E.3d 977, 986.

For these reasons, the Court **DENIES** TBIC's Motion to Amend or Correct (Doc. 69).

### IV.     Conclusion

For these reasons, the Court hereby:

- ORDERS the parties to SHOW CAUSE by August 15, 2022, as why this Court should not dismiss the rest of this case, the duty-to-indemnify claim;

- DENIES TBIC's Motion for a Rule 54(b) judgment (Doc. 69);

- DENIES TBIC's Motion for a Rule 59(e) Motion to Reconsider.


**IT IS SO ORDERED.**
**DATED:  July 25, 2022**

/s/  J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**