UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTISAN AND TRUCKERS CASUALTY CO., <br><br> Plaintiff, <br><br> v. <br><br> THE BURLINGTON INSURANCE COMPANY, SOUTHERN TRUSS, INC., DOUGLAS FORREST, GAYLON CRUSE, individually and doing business as CRUSE CONSTRUCTION COMPANY, and MARK DUCKWORTH., <br><br> Defendants. <br><br> THE BURLINGTON INSURANCE COMPANY., <br><br> Defendant/Counter/Cross-Plaintiff, <br><br> v. <br><br> ARTISAN AND TRUCKERS CASUALTY CO, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> SOUTHERN TRUSS, INC., DOUGLAS FORREST, GAYLON CRUSE, individually and doing business as CRUSE CONSTRUCTION COMPANY, and MARK DUCKWORTH <br><br> Cross-Defendants. | Case No. 3:21-cv-497-JPG |

**MEMORANDUM AND ORDER**

I.  INTRODUCTION

This matter comes before the Court on a partial affirm, partial reversal of this Court's denial of Artisan and Trucker's Casualty Co. and The Burlington Insurance Co.'s motions for judgment on the pleadings. The Court of Appeals neither remanded nor entered judgment in favor of Artisan.

Following the reversal, this Court held a status conference to inquire as to the position of the parties without a remand. (Doc. 97). At that status conference, Artisan argued that the matter was resolved, that this Court need only grant Artisan's motion for judgment on the pleadings and enter judgment in favor of Artisan. TBIC argued that there were still unresolved issues, such as whether the vehicle is mobile equipment, that needed to be resolved that had not been addressed on appeal.

As the Court of Appeals did not remand, found that the Operations Exclusion applies, and explicitly ruled that Artisan has no duty to defend, but TBIC does have a duty to defend; there are no unresolved issues in this case and there is nothing left for the Court to do than enter judgment in favor of Artisan. Accordingly, **IT IS DECLARED THAT** The Burlington Insurance Co. has a duty to defend and indemnify Southern Truss Inc. under Policy No. 02383356-6, in the underlying litigation.

II.  BACKGROUND

**A. Underlying Claim and Procedural History**

Gaylon Cruse and Mark Duckworth were securing trusses at a construction site. To place the trusses, Southern Truss, Inc. supplied a crane truck—a 2007 Intl 760 with an attached power crane ("Truck"). The crane was operated by Douglas Forrest. Forrest allegedly "prematurely released [the crane's] tension on the truss . . . caus[ing] the gable truss to collapse." (Doc. 55).

This resulted in a cascade effect that caused bodily injury to Cruse and Duckworth. Cruse and Duckworth sued Southern Truss and Forrest for negligence related to Forrest's operation of the Truck's attached power crane. (*Id.*).

The Truck was insured by both Artisan and Trucker's Casualty Co. ("Artisan") and The Burlington Insurance Company ("TBIC"). When Southern Truss and Forrest (hereinafter "Insured") sought defense and indemnification from TBIC, they were denied. (Doc. 1, Ex. B). TBIC denied coverage because TBIC's policy generally excluded coverage for "autos." (*Id.*). TBIC directed the Insured to reach out to any other insurer whose policy would cover the Truck. Accordingly, the Insured reached out to Artisan. Artisan also denied coverage, arguing that while the Truck was insured as an "auto," the claims arose from the Truck's attached machinery.

Artisan filed a complaint for declaratory judgment on May 18, 2021. (Doc. 1). In their complaint, Artisan sought a declaration that it has no duty to defend or indemnify the Insured and TBIC has the sole duty to defend and indemnify. TBIC filed a three-count counter and cross claim for declaratory judgment and moved for judgment on the pleadings. TBIC argued that Artisan had a duty to defend because Artisan covered the Truck with its attached machinery as an "auto." (Doc. 34, 48). Cruse, Duckworth, and the Insured argued that *both* insurers had a duty to defend. (Doc. 41, 43, 50).

This Court found an apparent ambiguity in Artisan's policy. (Doc. 68). Accordingly, the Court denied both Artisan and TBIC's motions for judgment on the pleadings, found that both insurers had a duty to defend, and dismissed the case. (*Id.*).

On appeal, the Court of Appeals for the Seventh Circuit found that there was no ambiguity in Artisan's policy. *Artisan v. Burlington Ins. Co.*, 90 F.4th 893, 896-97 (7th Cir. 2024) (Doc. 95). Additionally, the Appellate Court found that Cruse and Duckworth's bodily injuries

arose out of the use of the Truck's power crane, noted that TBIC did not dispute that the Truck's primary purpose was to provide mobility for the power crane, and found that the operations exclusion of Artisan's insurance policy applied. Consequently, the Court of Appeals ruled that Artisan had no duty to defend and that TBIC did have a duty to defend. (*Id.*). The Appellate Court reversed this Court's denial of Artisan's motion for judgment on the pleadings, (Doc. 54), upheld this Court's denial of TBIC's motion for judgment on the pleadings (Doc. 48), but did not remand the case for further proceedings.

### B. TBIC's Policy

Under TBIC's policy, TBIC must defend the Insured against any action seeking bodily injury or property damage claims "to which [the] insurance applies." However, Section g(2) of TBIC's policy *excludes* coverage for "autos." (Doc. 1, Ex. 1B) (§ C(2)).

According to TBIC's policy, "auto," is defined as:

a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; *or*

b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.[1]

[c.][2] However, "auto" does *not* include "mobile equipment."

(*Id.*) (§ V(2)) (emphasis added).

TBIC defines "mobile equipment" as, inter alia, "[v]ehicles . . . maintained primarily to provide mobility to permanently mounted [p]ower cranes," (*Id.*) (§ V(12)(d)(1)). Yet, there is a proviso to this definition:

---

[1] For ease of reading, the legal phrase "subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged" as it applies to both Artisan and TBIC's policies shall be referred to as the "Auto Remainder Clause."

[2] There is no § V(2)(c), the mobile equipment exclusion is placed below § V(2)(b) but is not enumerated. For ease of reference, the mobile equipment exclusion shall be cited as § V(2)(c).

> "[M]obile equipment" does *not* include any land vehicles that are subject to [the Auto Remainder Clause]. Land vehicles subject to [the Auto Remainder Clause] *are considered "autos."*
>
> (*Id.*) (§ V(12)(f)(4))[3] (emphasis added).

Therefore, if a vehicle is subject to the Auto Remainder Clause, it is *always* an "auto," *regardless* of whether it would otherwise be defined as "mobile equipment."

Yet, there is a vital exclusion to TBIC's auto exception—a double-negative that creates coverage—when claims arise out of the use of an auto's attached machinery. TBIC covers bodily injury and property damage that arises out of:

> The *operation of machinery* or equipment . . . *attached to* . . . *a land vehicle* that *would qualify* under the definition of "mobile equipment" *if* it were *not* subject to [the Auto Remainder Clause].
>
> (*Id.*) (§ C(g)(2)(e)(i)) (emphasis added) (hereinafter "Operations Exclusion").

For the Operations Exclusion to apply, there are three conditions that must be satisfied: The underlying claim must allege, inter alia, bodily injury or property damage; the damage must have been caused by operation of machinery or equipment attached to a vehicle; and the vehicle with attached machinery would be defined as "mobile equipment" if it was not subject to the Auto Remainder Clause. If all three conditions are satisfied, then the Operations Exclusion applies and thus, despite being defined as an "auto," the "auto" exception does *not* apply.

### C. Artisan's Policy

Artisan's policy is nearly identical to TBIC's in how it defines "auto," "mobile equipment," and their exclusions. According to Artisan, an "auto" is defined as:

> [A] land motor vehicle or trailer designed for travel on public roads, or [subject to the Auto Remainder Clause]. It does *not* include mobile equipment.
>
> (Doc. 1, Ex. 1C) (Definitions, § 2) (emphasis added).

---

[3] Similar to § V(2)(c), the proviso is not enumerated, but for ease of reference, the Court will cite this proviso as § V(12)(f)(4).

Artisan defines mobile equipment as, inter alia, "[v]ehicles . . . used primarily to provide mobility to permanently attached [p]ower cranes." (*Id.*) (Definitions, § 8). Just like TBIC, Artisan's definition of mobile equipment contains a proviso excluding vehicles subject to the Auto Remainder Clause:

> [M]obile equipment does *not* include land vehicles that are subject to [the Auto Remainder Clause.] Land vehicles subject to [the Auto Remainder Clause] *are considered autos*.
>
> (*Id.*) (Definitions, § 2) (emphasis added).

Identical to TBIC, Artisan has an Operations Exclusion that determines whether their policy applies or not:

> Bodily injury, property damage . . . arising out of the operation of . . . machinery or equipment that is . . . attached to, or part of, a . . . vehicle that would qualify under the definition of mobile equipment if it were not subject to [the Auto Remainder Clause].
>
> (*Id*.) (Part 1 – Exclusions, § 13)

However, while the language of the Operations Exclusions under both policies are identical, Artisan's policy *excludes* claims arising out of the operation of attached machinery while TBIC's policy *includes* claims arising the out of the operation of attached machinery.

      Determining which policy covers the Truck is a four-step process. First, a court asks whether the land vehicle is principally defined as "mobile equipment" i.e., whether the vehicle would be defined as an "mobile equipment" without the Auto Remainder Clause exception. Second, a court determines whether the vehicle is subject to the Auto Remainder Clause. Third, a court evaluates whether the vehicle would be defined as a "mobile equipment" *but for* the Auto Remainder Clause. Lastly, a court analyzes whether the claim arose out of the operation of the vehicle's attached machinery.

      Therefore, while "autos" are *generally* covered under Artisan's policy and excluded under TBIC's policy, whether a vehicle is defined as an "auto" is *not* dispositive. If a court concludes

that a land vehicle is an "auto," (Steps One and Two), it must still evaluate whether the vehicle is defined as an "auto" *solely* because it is subject to the Auto Remainder Exclusion (Step Three) *and* determine whether the damages arose out of the operation of the vehicle's attached machinery (Step Four).

Essentially, Artisan's policy covers claims that arise while an "auto" is being used as an *automobile* while TBIC covers claims that arise while the "auto" is being used for its *attached machinery*; where one policy lacks coverage, the other fills in the gap. In this way, the insured receives coverage for claims that arise out of *both* of the vehicle's use: as an auto *and* as self-propelled mobile equipment. Because the policies are complementary, not supplementary, there is no overlapping or excess coverage.

### III.    LEGAL STANDARD

"Judgment on the pleadings is proper when there is no disputed issue of material fact, and the moving party is entitled to judgment as a matter of law." *Artisan v. Burlington Ins. Co.*, 90 F.4th 893, 896 (7th Cir. 2024) (citing *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017).

Generally, when reversed, cases are remanded for further proceedings. However, when there is a reversal *without* remand, "there is a question whether the district court retains authority." *Alliance for Water Efficiency v. Fryer*, 2017 U.S. Dist. LEXIS 6628 *7 (N.D. Ill. 2017). When a lower court's decision is partially reversed without being remanded, a lower court must conclude that the lack of remand was not an omission but a deliberate decision by the appellate court to not re-vest the lower court with its pre-appellate jurisdiction.

When a notice of appeal is filed, a district court is divested of jurisdiction for most purposes. *E.g.*, *Ameritech Corp. v. IBEW, Local 21*, 543 F.3d 414, 418 (7th Cir. 2008). the trial

court "reserves the power to make orders appropriate to preserve the *status quo* while the appeal is pending," *Rakovich v. Wade*, 834 F.2d 673, 674 (7th Cir. 1987), "courts have accordingly recognized a distinction in the divestment of jurisdiction between acts undertaken to enforce the judgment and acts which expand upon or alter it; the former being permissible and the latter prohibited." *Prudential Lines, Inc.*, 170 B.R. 222, 243 (S.D.N.Y. 1994). A reversal on appeal generally vacates the erroneous order or judgment but does not necessarily enter an inverse judgment. *See* N.Y. C.L.S. C.P.L. § 470.10(1) ("'Reversal' by an appellate court of a judgment, sentence or order of another court means the vacating of such judgment, sentence or order").

Without clear direction, a lower court must infer what the refusal to remand means, similar to how the scope of remand is determined: "by inference from the [appellate] opinion as a whole." *United States v. Husband*, 312 F.3d 247, 251 (7th Cir. 2002). "In a general remand the appellate court returns the case to the trial court for further proceedings consistent with the appellate court's decision." *United States v. Simms*, 721 F.3d 850, 852 (7th Cir. 2013). The refusal to remand suggests that an appellate court believed that all issues were settled and that further proceedings were unnecessary. Therefore, a reversal without remand is inferred to mean that the lower court's jurisdiction is limited to enforcing the judgment of the appellate court, without alteration or expansion.

IV. **ANALYSIS**

The Truck had two insurance policies attached to it: one from TBIC and one from Artisan. The policy from Artisan insured the Truck as an "auto" while the insurance from TBIC insured the Truck for alternative uses.

Were the Court to engage in such an analysis, at Step One, the Court would ask whether the Truck with its attached power crane satisfies the principal definition of "mobile equipment."

The relevant definition of "mobile equipment" is a "vehicle . . . maintained primarily to provide mobility to [a] permanently mounted [p]ower crane." (*Id.*) §V (12)(d)(1). The Court of Appeals noted that "[TBIC] does not argue that the truck's primary purpose was something other than providing mobility to the crane."

At Step Two, the Court would determine whether the Auto Remainder Clause applies. The Court notes that the parties agree that the Truck was subject to the Auto Remainder Clause.

At Step Three, the Court would evaluate whether the vehicle would be defined as a "mobile equipment" *but for* the Auto Remainder Clause. The Court notes that "autos" cannot be "mobile equipment," (§ V(2)(c)), and that the Truck seems to satisfy the principal definition of "mobile equipment," thus it would appear that the sole reason the Truck is defined as an "auto" is because it is subject to the Auto Remainder Clause.

At Step Four, the Court would determine whether the damages alleged in the underlying claim arose out of the operation of the attached machinery. It is undisputed that the power crane was attached to the Truck and that the damages sustained by Cruse and Duckworth appear to have been proximately caused by operation of the crane.

However, this Court's analysis is unnecessary; the Court of Appeals has already concluded that the Truck satisfies the necessary and sufficient conditions for the Operations Exclusion to apply; i.e., the Truck is an "auto" that, but for the Auto Remainder Clause, would be defined as "mobile equipment" *and* that the damages alleged arose out of the operation of the Truck's attached machinery. Contrary to TBIC's assertion that the Truck's classification as "mobile equipment" or an "auto" is still an outstanding issue—in addition to finding no ambiguity in Artisan's policy, the primary issue on appeal—the Court of Appeals explicitly ruled that "the [O]perations [E]xclusion applies." As explained earlier, finding that the Operation

Exclusion applies *requires* that the Truck be defined as an "auto" that, but for the Auto Remainder Clause, would be considered "mobile equipment." case. Therefore, the Appellate Court has decided all the outstanding legal issues in this case.

Even if there were some additional matters that required attention—and there are none—without a remand, this Court is limited to entering an order effectuating the judgment of the Court of Appeals. If the Appellate Court's decision left any room for doubt, the Court of Appeals *explicitly* adjudged that "Artisan has no duty to defend. Because Artisan has no duty to defend, [TBIC] does have a duty to defend." *Artisan v. Burlington Ins. Co.*, 90 F.4th 893, 897 (7th Cir. 2024). The Court of Appeals could be no clearer: Artisan has no duty to defend, TBIC does have a duty to defend.

V.     CONCLUSION

The Appellate Court found that there was no ambiguity in Artisan's policy, the Operations Exclusion applies, Artisan has no duty to defend, and TBIC has a duty to defend. Because the case was not remanded, all outstanding issues have been resolved, and the Appellate Court was clear in its judgment, there is nothing left for this Court to do but to effectuate that judgment. Accordingly, **IT IS DECLARED THAT** The Burlington Insurance Co. has a duty to defend and indemnify Southern Truss Inc. under Policy No. 02383356-6, in the underlying litigation.

**IT IS SO ORDERED.**
**DATED:  March 19, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**